SCHULTZ et al., Appellants, v. LINDELL, et al., Respondents.

1. A survey of the out-boundary line of the town of St. Louis—the plat of which is commonly known as "Map X"—is not conclusive upon persons claiming title under confirmations by virtue of the first section of the act of Congress of June 13, 1812; the said act is operative to confirm to individuals common field lots, out-lots, &c., as well without as within the said out-boundary line as established by said survey. (Milburn v. Hortiz, and Tayon v. Hardman, 23 Mo. 532, 539, affirmed.)

*Appeal from St. Louis Land Court.*

This was an action in the nature of an action of ejectment for the possession of a portion of a tract of one by forty arpens, situate in the Grand Prairie common field, near St. Louis, which said tract of forty arpens "was cultivated and possessed by Jean B. Provenchere, prior to the 20th day of December, 1803, as a common field lot of the Grand Prairie common fields adjoining and belonging to the town of St. Louis," &c. It was admitted that the land in controversy lies outside and westwardly of the outboundary line of the town of St. Louis, as established in the year 1840. The court gave the following instructions : "1. The title of the legal representatives of William Bizet originating in the concession of the date of February 7, 1769, and confirmed by the act of Congress of July 4, 1836, is a better title to the land in said concession and confirmation mentioned than any title that is or can be set up by the plaintiffs as originating in and derived from the mere fact that John B. Provenchere possessed and cultivated said land for several years prior to the 20th day of December, 1803 ; provided the jury find that the land in question lies outside and beyond the outboundary of the town of St. Louis, as shown in ' Map X.' 3. Upon the case made in evidence by the plaintiffs, they are not entitled to recover in this action."

The plaintiff took a non-suit, with leave to move to set the same aside.

*N. Holmes,* for appellants.

The instructions given were erroneous. (Milburn v. Hortiz, 23 Mo. 532 ; City of St. Louis v. Toney, 21 Mo. 243.)

*E. Bates* (with whom were *Hill, Grover & Hill,*) for respondents.

I. This suit is based entirely upon the fact that Jean B. Provenchere cultivated and possessed the land sometime more than fifty years before the commencement of this suit, without any statement or testimony tending to show that either he or his heirs ever afterwards possessed the land or exercised actual

control over it, or that he had any "right, title or claim" to it at any time. The petition shows on its face that the land was granted by the Spanish government to another man (William Bizet), and that the United States recognized that grant, and confirmed the title to the legal representatives of said Bizet by the act of July 4, 1836. By the concession the title of Bizet, was *prima facie* good as against Spain, and the title of Bizet's representatives is absolutely good as against the United States. (Strother v. Lucas, 12 Pet. 410 ; Harrold v. Simonds, 9 Mo. 332.)

II. J. B. Provenchere, under whom the plaintiffs claim, if now alive, and the plaintiff here, would have no show of right without showing a confirmation to himself by virtue of the act of June 13, 1812. This he could not do for several obvious reasons. The act of 1812 does not make and does not profess to make original simple donations of lands to the people who might have possessed or cultivated them in Spanish times. All it does, and all it professes to do, is to confirm existing "rights, titles, and claims" to lots, &c. It is apparent that the representatives of Bizet had a "right, title or claim" to the lot as old as the concession to their ancestor in 1769, and that the lot was "inhabited, cultivated and possessed" prior to December 20, 1803. If these facts be sufficient to operate a confirmation by force of the act of 1812, then the confirmation to the same parties by the act of 1836 is merely cumulative. Both confirmations show title out of, and adverse to, Provenchere. The allegation of the petition is that Provenchere cultivated and possessed the land prior to December 20, 1803 ; the proof is that he did so cultivate it ; that he married Bizet's widow, and got the lot by his wife. The presumption both of law and honesty is that he culivated it fairly under the prior existing right and claim, and not for the purpose of getting a title for himself and thus cheating the heirs of the grantee out of their inheritance.

SCOTT, Judge, delivered the opinion of the court.

It does not appear to us that any other point was decided by the court, of which the plaintiffs have a right to complain, than that the lot in controversy, not being within the survey of the outboundary of the town of St. Louis as represented on the "Map X," was not confirmed by the act of June 13, 1812. Since this opinion was expressed, the question has received the determination of this court, and it is now regarded that the outboundary as laid down on that map does not affect a title of a a claimant under that act. For the 2d and 3d instructions given by the court below, the judgment will be reversed. We do not believe that this case has been submitted to us in a shape in which we can determine it on its merits without incurring the risk of doing injustice to the parties. In plain cases, where parties have submitted to a non-suit, and it is clear that they can not recover, this court has refused to reverse the judgment of the court below, although erroneous instructions had been given against them. But we do not consider that this is a case of that character. Being of the opinion that the cause in the court below turned on the question to which reference has been made, the judgment will be reversed and the cause remanded ; Judge Ryland concurring ; Judge Leonard absent.