MILTON STANLEY, Respondent, v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO., Appellant.

Kansas City Court of Appeals, May 8, 1905.

1. **MASTER AND SERVANT:** Negligence: Fellow-Servant: Demurrer to Evidence. Evidence relating to the falling of a section man from a handcar is held sufficient to send the question of negligence of fellow-servants to the jury.

2. ———: ———: Youth: Instruction. An instruction relating to the degree of care required of a young man under age is held not reversible error though subject to criticisms.

3. ———: ———: Damages: Pleading: Instruction. The petition averred that plaintiff had expended large sums of money for surgical and medical treatment. The evidence showed that he had simply incurred the indebtedness which was unpaid. The instruction allowed a recovery if any such expenses had been incurred. *Held,* error, since it did not follow the pleadings and the proof did not sustain it.

Stanley v. Railroad.

4. ———: Fellow-Servant: Section Man: Instruction.    If all the
evidence shows plaintiff was engaged in working on a railroad
track, then the court should tell the jury that defendant was
liable under the statute for the negligence of fellow-servants.

5. ———: ———: Instruction: Assuming Fact.    An instruction
telling the jury that the defendant can not escape liability on
the ground that the coemployees of the plaintiff caused the in-
juries by their negligent and careless acts, is error, since it
assumes the negligence of the fellow-servants which was a
question for the jury; and it is not cured by reference to an-
other instruction relating to the injuries themselves and not
to the acts of a fellow-servant.

Appeal from Putnam Circuit Court.—*Hon. P. C. Stepp,*
Judge.

REVERSED AND REMANDED.

*Chas. A. Loomis* for appellant.

(1) Plaintiff's instruction numbered six defining
the measure of plaintiff's damages was erroneous for the
following reasons:    (a) It permitted the plaintiff to
recover for medical services and attention and expenses
which plaintiff had become obligated to pay, but which
he had not paid, whereas under the petition he would on-
ly be entitled to recover for medical services which he
had actually paid for.    Muth v. Railway, 87 Mo. App.
432, and cases cited;    Pritchet v. Boevey, 1 Cr. & M.
775; McLaughin v. Railway, 113 Cal. 590; Robertson v.
Railway, 152 Mo. 382; Morris v. Railway, 144 Mo. 505;
Duke v. Railway, 99 Mo. 347.    (b) Because there is no
evidence to support said instruction in regard to medi-
cal services and attention.    There is no evidence that
plaintiff paid nor became legally obligated to pay for any
medical services.    Robertson v. Railway, 152 Mo. 382;
Morris v. Railway, 144 Mo. 505; Waldopfel v. Transit Co.,
102 Mo. App. 524; Smith v. Railway, 108 Mo. 251; Duke
v. Railroad, 99 Mo. 347.    (2) Instruction numbered
three given for the plaintiff was error.    The instruction
does not properly define the measure of plaintiff's duty,

even though he was a person of immature years. The rule as we understand it is that the law requires the plaintiff to exercise that degree of care and prudence of which he is capable, regardless of what degree of care and prudence other boys of his age and experience might have exercised under the same or similar circumstances. Van Natta v. Railway, 133 Mo. 13; Anderson v. Railway, 161 Mo. 424, and cases cited; Spillane v. Railway, 111 Mo. 555.     (3) Whether the plaintiff was engaged in "operating a railroad" at the time he was injured, and therefore entitled to recover for any injury caused by the negligence of his fellow-servants, is a mixed question of law and fact. The court must declare the law, and the jury must find the facts. Instruction numbered five given for the plaintiff was error in that the court declared as a matter of law that the defendant was liable for the negligence of the coemployees of the plaintiff, without requiring the jury to find that the plaintiff was aiding in the work of "operating a railroad." Callahan v. Railroad, 170 Mo. 496-7.     (4) The court committed error in overruling the defendant's demurrer to plaintiff's evidence. The petition alleges specific acts of negligence on the part of the employees of the defendant, and there was a total failure of proof on the part of plaintiff to sustain such allegation. Pryor v. Railway, 85 Mo. App. 378; McManamee v. Railway, 135 Mo. 440; Bartley v. Railway, 148 Mo. 124; Hite v. Railway, 130 Mo. 132; Waldhier v. Railway, 71 Mo. 514; Ely v. Railway, 77 Mo. 34; Lesley v. Railway, 88 Mo. 50.

*E. C. Wickless, N. A. Franklin* and *Lorenzo Jones* for respondent.

(1) The evidence was amply sufficient to take the case to the jury. Benedict v. Railway, 104 Mo. App. 218; Redman v. Railway, 84 S. W. 26; Campbell v. Railway, 175 Mo. 161, and cases cited; Hutchison v. Railway, 161 Mo. 253; Mirrilees v. Railroad, 163 Mo. 486-7; Grace

v. Railroad, 156 Mo. 295.    (2)    The court did not err in giving plaintiff's instruction numbered six, or in refusing defendant's instruction numbered one.   R. S. 1899, secs. 659, 865; Grady v. Transit Co., 102 Mo. App. 215; Hannon v. Transit Co., 102 Mo. App. 222-3; Gormon v. Railway, 113 Mo. 408.    (3)  The court did not err in giving plaintiff's instruction numbered three.   To authorities cited by appellant in its brief confirming this doctrine, we add: Campbell v. Railway, 175 Mo. 175.    (4) Instructions may be read as a whole, and when so read, plaintiff's fifth instruction is not erroneous.   Owens v. Railway, 95 Mo. 169; Mathew v. Railway, 78 S. W. 271, and cases cited; Arnold v. Savings Co., 76 Mo. App. 159; Fisher v. Packing Co., 77 Mo. App. 108.   (5) The verdict was clearly for the right party, and the judgment should be affirmed.   Stubbs v. Railway, 85 Mo. App. 192.

BROADDUS, P. J.—This is a suit for damages, the result of an injury alleged to have been caused by the negligent act of a fellow-servant while plaintiff was in the employ of defendant and while he was engaged in the work of operating defendant's railroad.

Plaintiff was one of a force of fifteen men employed by defendant as common laborers in constructing concrete abutments on defendant's railroad near Powersville, Missouri.   The force was known as "the concrete gang" and was in charge of one Charles Hersey as foreman. The gang used two handcars in going to and returning from their place of work.   On the morning of May 14, 1903, the foreman directed plaintiff, with six or seven others of the force, to put the handcar on the railroad track and load it with cement to take to their place of work about one mile south of Powersville. This was done, and the plaintiff, with others of the gang got on the car and started south.   Another car with the other workmen in charge of the foreman preceded the car on which plaintiff was riding.   The track was down grade

and the rate of speed, according to the various estimates of the witnesses, was from four to seven miles an hour. After proceeding about one-fourth of a mile the plaintiff, who was standing on the front end of the car, was thrown or fell to the track and was run upon by the car and severely injured. The men on the platform of the car propelled it by the use of handles, they holding to the latter and "pumping," as it is ordinarily expressed. The plaintiff and two other men were manipulating the front handle, the plaintiff standing in the middle with his side to the south and the other two with their backs in that direction.

Plaintiff testified that his fall was caused by a sudden application of the brakes by one of the other workmen named Johnson. On cross-examination he stated that he did not see Johnson apply the brakes but he felt the effect when they were applied. Johnson denied that he applied the brakes, and all, or nearly all, the workmen on the car at the time were witnesses on the trial and none of them testified that the brakes were applied as claimed by plaintiff. And it is not claimed that any one, other than the plaintiff testified that the brakes were so applied to check the speed of the car. There was some evidence tending to show that plaintiff, who was using only one hand on the handle, was somewhat inattentive to his duties and was looking away at the time. That is, that he used his hand to assist in forcing down the handle, then let go and caught it again as it came up, and that by reason of his not looking to see what he was doing he failed to catch the handle as it came up, lost his balance and fell. There is no complaint that the manner in which he was manipulating the handle with one hand was carelessness, this being the only manner he could have used it, standing, as he was, between the other two men. It was his inattention to what he was doing that defendant insists was the cause of his injury, and as such was contributory negligence.

The finding and judgment were for the plaintiff from which defendant appealed.

The defendant contends that under the evidence plaintiff was not entitled to recover. The defendant's position is based upon the theory that there was no substantial evidence showing that the injury was caused by the sudden application of the brakes to the car, as claimed by plaintiff. It is true, plaintiff nor any other witness saw Johnson apply the brakes; but plaintiff's evidence is positive that he felt their application and that the suddenness of the check of the speed of the car caused him to fall off the car in front of it and onto the track. In our view of the matter, plaintiff's statement did constitute substantial evidence that the brakes were suddenly applied. It seems to us that it is a matter of common observation and knowledge that a person of normal organization standing on the platform of a handcar in motion would experience a sensation from the sudden application of the brakes. And judging from the physical law, we do not see how under ordinary conditions it could be otherwise. It is true, the positive, and even the negative testimony tended, in the most convincing manner, to show that it was not the application of the brakes but plaintiff's own want of ordinary care that caused him to fall from the car. But that was a question for the jury.

Objections are taken to the correctness of instructions numbered three, five and six given for plaintiff. Instruction numbered three is as follows: "Before you can find against the plaintiff on the ground of contributory negligence you must believe from the evidence that the plaintiff did not use such care and caution as a person of his age and experience would have ordinarily used under the circumstances surrounding him at the time." The plaintiff was a young man twenty years of age and had been engaged as a laborer on defendant's railroad for forty days previous to his injury, and had from his employment during that time acquired some experience

in operating a handcar. At most, it is very simple work, not requiring much skill to enable one to become familiar with the manner in which it is done.

In Van Natta v. Railway, 133 Mo. 13, defining what care was required of plaintiff, a boy, the instruction was in the following language: " . . . providing the plaintiff was exercising that degree of reasonable care usually exercised by boys of his age and capacity." The court held that it was faulty in that it should have told the jury the law required of the boy "exercise of care and prudence equal to his capacity, age, knowledge and experience regardless of what care and prudence boys of his age and capacity are required to exercise." The fault in the instruction under consideration, if any, is that the words *age* and *experience* are used, instead of the words the court said should have been used—*capacity, age, knowledge* and *experience.* The word "experience" means, "to have practical acquaintance with", which is equivalent to knowledge. And the word "capacity," in the sense in which it was used, means capability or skill as applied to the business in which plaintiff was engaged at the time he was injured—that is, in manipulating the handle of the car in question, which labor, at most, required little or no skill, only practical experience. We are not to consider that the court in saying that certain words should be used in an instruction was prescribing a formula for the purpose, but that language of similar import should have been used. In Anderson v. Railway, 161 Mo. l. c. 425, the court says, in speaking of the degree of care required of a boy, "the rule is believed to be recognized by all the courts of the country that a child is not negligent if he exercises that degree of care which, under like circumstances, would reasonably be expected of one of his years and capacity." The words "experience" and "knowledge" are both omitted in the court's definition. In Spillane v. Railway, 111 Mo. 555, the court used the following language: "age, capacity and experience." In Campbell v. Railway, 175

Mo. 175, the court says: "The question is, not what would an ordinarily prudent man of mature years have done under like circumstances, but what would an ordinarily prudent boy of sixteen years have done under like conditions?"

The courts are not uniform in their expressions, but what they all say amounts to the same conclusion. We do not think the instruction was so faulty as to be misleading. There was no evidence tending to show that plaintiff was either above or below the ordinary standard of intelligence in a person of his age, and such being the case there was no question as to his capacity; which left that of experience alone to be determined by the jury.

The instruction defining the measure of plaintiff's damages told the jury that in estimating them they might take into consideration "the reasonable value of his medical and surgical aid in endeavoring to be cured, if any such expense be incurred." The allegation of the petition is that, "he has expended large sums of money for surgical and medical treatment." Dr. Ellis, one of the physicians called as a witness, testified that his bill for services for the treatment of plaintiff amounted to the value of $53.50, but that plaintiff had not paid it; that the latter had come to him and told him he could not pay it, and for that reason he had not presented him his bill. Dr. McNeeley testified that "Mr. Stanley" had paid him twenty dollars for his medical services. But as the father of plaintiff testified in the case it is not apparent to which one of the Stanleys the doctor referred.

The point made is that, as the petition alleges that plaintiff had paid his doctor's bills, he is held to the proof of his allegation; and as the instruction authorized a recovery if he had incurred such indebtedness, it was error to give the instruction, as the proof did not sustain the allegation. Under the ruling in Muth v. Railway, 87 Mo. App. 423, the instruction should not

have been given. The rule is founded upon the theory that the proof should sustain the averments of the pleading.

Instruction numbered five is as follows: "The court instructs the jury that the defendant in this case cannot escape liability on the ground that the coemployees with plaintiff caused the injuries to plaintiff by their negligence or careless acts, but, on the other hand, you are instructed, that defendant is responsible for the acts of its employees who were working with plaintiff at the time plaintiff sustained said injuries complained of, if any injuries plaintiff has received, as defined by plaintiff's first instruction."

One objection to the instruction is that, the jury are told that plaintiff was engaged in operating a railroad, which was both a question of law and fact, and for that reason wrong. Callahan v. Bridge Co., 170 Mo. 482. But while such is the law, the court committed no error, for the reason that all the evidence both for plaintiff and defendant was to the same effect—that he was engaged in working on defendant's railroad track. As there was no dispute upon the facts there was nothing for the jury to do in that respect and it became the duty of the court to tell the jury that defendant was liable under the statute for the negligence of his fellow-servants. There are other criticisms upon said instruction that are without merit.

But there is one of more serious importance: The first clause of said instruction is that "the defendant . . . cannot escape liability on the ground that the coemployees of plaintiff caused the injuries to the plaintiff by their negligence and careless acts." The jury had a right to assume, under the language used, that the acts of the fellow-servants were careless and negligent; whereas, it was a matter that must be shown by the evidence. Nor is the error cured by the remaining clause of the instruction which reads: "but, on the other hand, you are instructed that defendant is responsible for the acts of its

employees who were working with plaintiff at the time plaintiff sustained said injuries complained of, if any injuries plaintiff has received, as defined by plaintiff's first instruction." It will be seen that said instruction numbered one is not referred to as a guide by which the jury might determine the defendant's liability, but only as to the injuries themselves. It emphasizes the error in the first clause by making defendant liable for the acts of its employees, whether negligent or not, if the jury finds that plaintiff was injured as defined in said first instruction. The jury very naturally, in considering the first instruction in connection with the fifth, would confine their attention to the plaintiff's injuries, as they were particularly directed to do so.

But it is insisted that taking all the instructions together, they properly state the law. We do not think so, for the fifth is in conflict with the first, as we have pointed out. It was a most flagrant error and liable to mislead the jury.

Reversed and remanded. All concur.