LEAH STOLOVEY, Appellant, v. FRED W. FLEMING and FRANCIS M. WILSON, Receivers of KANSAS CITY RAILWAYS COMPANY.—8 S. W. (2d) 832.

Division One, July 30, 1928.

*Trusty & Pugh* for appellant.

*Charles L. Carr* and *Louis R. Weiss* for respondents.

ATWOOD, P. J.—This is an action for personal injuries alleged to have been sustained by Leah Stolovey while she was endeavoring to board a street car in Kansas City, Missouri. The jury returned a verdict for defendants, and from the judgment entered thereon plaintiff has appealed, assigning error in the giving of certain instructions. The first instruction complained of is number 3, given at the request of defendants, as follows:

"The court instructs the jury that the burden of proof is on the plaintiff to prove to your satisfaction by the preponderance or greater weight of the credible testimony that the defendants are guilty of negligence as submitted to you in the court's instructions, and this burden of proof continues and abides with plaintiff throughout the entire trial; and unless you believe and find from the evidence in the case that plaintiff has proven to your reasonable satisfaction by a preponderance of the credible testimony that the defendants are guilty of negligence as defined and submitted to you in the instructions of the court, and that such negligence was the direct and proximate cause of plaintiff's injuries, if any, then your verdict must be for the defendants."

Appellant asserts that "the petition is based on the *res ipsa loquitur* doctrine, and such an instruction has no place in a *res ipsa loquitur* case," citing Price v. Met. Street Ry., 220 Mo. 435, and other cases. Respondents insist that this is not a *res ipsa loquitur* case, but contend that whether it is or is not the foregoing instruction was properly given.

According to appellants' abstract of the record plaintiff's allegation of defendants' negligence was that "she was thrown and injured by the carelessness and negligence of defendants' operators in charge of said car in starting the car while the plaintiff had one foot upon the step and trying to get thereon as a passenger." Appellant says this is a general charge of negligence, while respondents say that it is specific. An examination of the cases cited by respondents on this point discloses that the petitions specifically stated the negligence complained of, most of them setting up in detail several grounds of negligence. Not so in this case. Only one ground of negligence is pleaded, and that in general terms. The petition in effect says that defendants' operators in charge of said car carelessly and negligently started the same while plaintiff was attempting to board it as a passenger and she was injured thereby. Plaintiff does not attempt to say which operator started the car, or in what particular such operator was negligent, or what act on the part of defendants' operators

caused the car to start. Such a pleading is general rather than specific. [Lich v. Wells, 296 S. W. (St. L. Ct. App.) l. c. 1044; Lammert v. Wells, 282 S. W. (St. L. Ct. App.) l. c. 489, and cases cited.] As said in Bergfeld v. K. C. Rys. Co., 285 Mo. l. c. 665: "In order to allege specific negligence, as said in the Price case, there must not only be an averment as to the particular servants whose negligence is complained of, but it must also be pointed out wherein they, or either of them, have been negligent." Also, in Stauffer v. Railroad, 243 Mo. l. c. 325: "To be sure there is precision and specification as to what *resulted* from the negligence, to-wit, a collision with a steam roller, but there is no specification of the negligence itself. It stands nakedly as general." So in the instant case, plaintiff pleaded only the ultimate facts that the car was carelessly and negligently started by defendants' operators while plaintiff was attempting to board same and she was injured. General and not specific negligence was thereby pleaded.

Was it proper, then, to give Instruction number 3? Appellant strongly argues that it was not, relying chiefly on Price v. Met. Street Ry. Co., 220 Mo. l. c. 463, where we held that an instruction somewhat similar in form offered by defendant, was properly refused on the ground that "such an instruction has no place in a case where the doctrine of *res ipsa loquitur* is applicable. It destroys every vestige of the doctrine of presumptive negligence." Apparently assuming that this expression of the court, in banc, forbade in *res ipsa loquitur* cases the use of an instruction applying the general rule that the burden of proof rests upon the one who affirms negligence, certain subsequent opinions cited by appellant have sharply criticised similar instructions and even held that the giving of such was reversible error. [Bloom v. Union Electric L. & P. Co., 251 S. W. (St. L. Ct. App.) l. c. 414; Watson v. Chicago Great Western Railroad Co., 287 S. W. (K. C. Ct. App.) l. c. 815; Simpson v. Chicago, R. I. & P. Ry. Co., 192 S. W. (Mo. Sup.) l. c. 741; and Porter v. Railway, Light, Heat & Power Co., 311 Mo. l. c. 76.] But we do not so construe our ruling in the Price case, and the writer of that opinion, GRAVES, C. J., in a vigorous dissenting opinion filed in the Simpson case, supra, disclaims any such intention, stating that it would have been improper to have given the instruction there in question because the defendant in other instructions, to which reference was there made, had outlined specific acts of negligence, and such an instruction is never proper in a *res ipsa loquitur* case. In each of the above cases the Price opinion was in this respect evidently given a different interpretation from that placed upon it by the writer of the opinion. The opinion in the Simpson case did not receive the full concurrence of a majority of the court, and BLAIR, C. J., dissented as to Paragraph II in the Porter opinion deal-

ing with this question. If the Porter ruling is to be understood as holding that merely because a petition states a *res ipsa loquitur* case defendant has the burden of proof and that it is improper to instruct that plaintiff has the burden of making out his own prima-facie case, the opinion does not correctly declare the law. This impression may be gathered from the Simpson opinion, but in the dissenting opinion. of GRAVES, C. J., its fallacy is exposed by reference to the well-established principle that he who takes the affirmative always has the burden of proof. It is, therefore, not error to so instruct the jury in proper form. Not having received the full concurrence of a majority of the court the Simpson opinion did not become a controlling decision. But, notwithstanding some broad expressions used in the Porter decision, we do not believe it should be thus construed. Certainly plaintiff had the burden of making his prima-facie case. Although, under the *res ipsa loquitur* rule, after the plaintiff establishes certain facts the law supplies a presumption of negligence which is taken as proof thus requiring defendant to take up the burden of evidence and discharge it or suffer judgment, yet plaintiff must establish the necessary facts to make out his case and this burden is always his because thereby he affirms negligence, and it is proper in such cases to so instruct the jury. That such was the view of this court in the Porter case appears from the following excerpt (1. c. 74) :

"If the instruction had been limited so as to have told the jury that the burden was upon the plaintiff to prove by a preponderance of the evidence that she was a passenger upon defendant's car and while she was riding therein it collided with a fire truck and as a result of said collision she was injured and that this burden remained with her throughout the trial it would not have been error, because it would have shown the extent of the burden cast upon her and have likewise shown the burden cast upon the defendant to enable it to overcome the prima-facie case."

From the opinion in the Porter case it does not appear that this was done in the instruction objected to or in other instructions. But in the instant case the plaintiff requested and the court gave instruction numbered 1 stating and defining her theory of defendants' negligence and view of the case, as follows:

"You are instructed that if you find from the evidence that on or about January 31, 1923, the street car referred to was being operated by the defendants and was stopped at Tenth and Walnut Streets and that such place was a regular stopping place for the accommodation of passengers; and if you further find from the evidence that the plaintiff placed one foot upon the step and took hold of the handle at the rear vestibule of said car and that she was trying to get thereon

to be transported as a passenger on said car and that while she was trying to do so it was stopped and standing still for the purpose of taking on passengers; and if you further find from the evidence that while she was so in the act of getting on said car, if so, the defendant's servants in charge of said car started said car forward and that as a direct result of such starting of the car, if so, the plaintiff was thrown and that she was injured, if so; and if you further find from the evidence that in so starting said car forward under such circumstances, if so, the defendant's servants failed to exercise the highest degree of care that would usually be exercised by very careful and prudent persons engaged in like business and under the same or similar circumstances, and that the plaintiff was exercising ordinary care for her own safety, then you must find a verdict for the plaintiff and against the defendants.''

Instruction number 3, of which appellant here complains, expressly refers to and is modified by the other instructions, including the above, given by the court. The court's instructions must be read together. Defendants' reply was a general denial and their evidence tended to contradict the facts which plaintiff alleged and sought to prove to make out her prima-facie case. As to these facts she undoubtedly had the burden of proof, and in connection with an instruction setting forth her theory of defendants' negligence it was proper on this phase of the case for the court to instruct the jury as it was instructed.

Appellant also says that this instruction fails to define the term ''preponderance of the credible testimony,'' citing Head v. Leming Lumber Co., 281 S. W. 1. c. 444, where failure to define ''preponderance of the evidence'' is criticised though not held to be reversible error. The term ''preponderance of the evidence'' is defined in given Instruction number 4. Appellant further complains that too great a burden was placed on plaintiff by the use of the term ''to your reasonable satisfaction,'' citing Krause v. Spurgeon, 256 S. W. 1. c. 1074. The expression here used is not the same as that found in the case cited. The word ''reasonable'' does not appear in the instruction criticised in the Krause case. In the light of the pleadings, proof and other instructions given we find no reversible error in the giving of instruction number 3.

Appellant next attacks Instruction number 1, which is as follows: ''The court instructs you that it is your duty, in considering the evidence, deliberating upon and determining the facts in this case, to first decide upon the question as to whether, under all the facts and circumstances, there is or is not any negligence upon the part of defendants' agent or agents, servants and employees, as defined to you by other instructions. Until this question of negligence has been de-

termined by you, you have no right to take into consideration the nature, character or extent of the alleged injuries to plaintiff, or the amount, if any, that the plaintiff is entitled to recover, because of such injuries. If the plaintiff is not entitled to recover, that is, if she has not shown to your reasonable satisfaction by the greater weight of the credible testimony upon the question of negligence that she should recover at your hands, then you should not and must not in your deliberations at all consider to what extent, if any, she has been injured.

"Neither passion, prejudice nor sympathy should influence you in any manner in deciding this case; for it is your sworn duty to try this case and decide it according to the evidence and instructions."

Appellant says the above instruction is a lecture to the jury, citing Unterlachner v. Wells, 278 S. W. l. c. 83. It is to some extent subject to this criticism, although in the case cited this fault alone was not held to be reversible error. Of more consequence is the next objection that "it cautioned the jury not to consider the character of the plaintiff's injuries in considering the negligence and liability of the defendant, when the very proof of her injuries would tend to convince the jury that she was caused to fall the way she said she did." The first sentence of the instruction properly enough tells the jury that they should decide the question as to whether or not there was any negligence on the part of the defendants "under all the facts and circumstances." This broad scope of investigation, however, is immediately circumscribed and limited by shutting out of their consideration "the nature, character or extent of the alleged injuries to plaintiff." In defending this instruction respondents say that it is a cautionary instruction the giving or refusal of which is largely within the discretion of the trial court, and that it was "requested and given for the sole purpose of removing (if possible) from the jury the temptation of giving weight to extraneous matters, such as passion, prejudice, sympathy and physical infirmities of the plaintiff." If such was the sole purpose why tell the jury that in determining the question of defendants' negligence they "have no right to take into consideration the nature, character or extent" of plaintiff's alleged injuries? Plaintiff introduced testimony to the effect that at the time she was injured she was trying to get on a street car headed south, and while she had her right hand on the middle bar and her right foot on the step, the car started and knocked her down in a northwesterly direction; that she struck the pavement; that her back, both elbows and her left hand were bruised and her head pained her thereafter. The nature, character and extent of these injuries were among the circumstances the jury had a right to consider in determining whether or not defendant was negligent. Respondents make much of the first sentence of this instruction which

told the jury that they should determine this question "under all the facts and circumstances," and say that this provision distinguishes the instant case from Orris v. Railroad Co. (Mo. Sup.), 214 S. W. 1. c. 126; Myers v. City of Independence, 189 S. W. (Mo. Sup.) 1. c. 823; Walker v. Railroad Co., 178 S. W. (Mo. Sup.) 1. c. 110; and Walker v. City (K. C. Ct. of App.), 231 S. W. 65, cited by appellant. They are silent, however, as to the subsequent restriction which brings the instruction within the reason of the objections sustained in these cases. Because of the restriction so incorporated the giving of this instruction was reversible error, although we are not impressed with the soundness of other reasons urged against it.

Instruction number 4 was given at the request of defendants. It is as follows:

"The court instructs the jury that by 'a preponderance of the evidence' as used in these instructions, is meant the greater weight of all the credible evidence in the case. If the plaintiff has not the greater weight of the credible evidence with her or if the evidence is evenly balanced as to weight, then in neither of such events can the plaintiff recover and your verdict must be for the defendants."

It is generally urged that the above instruction "emphasizes the harmful elements in the other instructions of defendant." The only harmful element we have found in the given instructions is in instruction number one as above noted. As above instruction number four does not serve to emphasize this element we think the criticism is without merit.

However, because of the error above noted in given instruction number one the judgment is reversed and the cause is remanded for a new trial. All concur.