HARVEY KOEBEL, an Infant, by OTTO PAUL KOEBEL, His Next Friend, Appellant, v. TIEMAN COAL & MATERIAL COMPANY, a Corporation.—85 S. W. (2d) 519.

Division One, July 30, 1935.

562

*Eagleton, Waechter & Yost* and *Roberts P. Elam* for appellant.

*Taylor, Chasnoff & Willson* and *James V. Frank* for respondent.

FERGUSON, C.—This is an action for damages for personal injuries which plaintiff sustained when, as the petition alleges, on account of the negligent operation thereof defendant's motor truck struck a bicycle upon which plaintiff was riding. The collision occurred on Gravois Avenue in the city of St. Louis and this action was instituted and tried in the circuit court of that city resulting

564

in a verdict and judgment for defendant and plaintiff has appealed. The petition alleges and prays damages in the sum of $20,000 wherefore our jurisdiction.

■ Appellant assigns as error the giving of certain instructions on the part of defendant. Defendant (respondent) however takes the position that granting and notwithstanding erroneous instructions were given, at its instance, the verdict is manifestly for the right party, that the evidence is insufficient to support a verdict for plaintiff, that plaintiff did not make a case for the jury and that the court should have directed a verdict for it as requested at the close of all the evidence in the case. If this contention be sustained the alleged errors in instructions given need not be considered. [Bello v. Stuever (Mo.), 44 S. W. (2d) 619; Lindman v. Altman, 308 Mo. 187, 271 S. W. 512; Cadwell v. Wilson Stove Co. (Mo.), 238 S. W. 415; Moloney v. Boatmen's Bank, 288 Mo. 435, 232 S. W. 133; Schultz v. Lindell, 24 Mo. 567.] Thus we are required to review and examine the evidence.

■ Gravois Avenue is an east and west street in the city of St. Louis. It is sixty feet wide, paved with brick and double street car tracks are located in the center of the street, the paving between the tracks and the rails of the tracks is also brick. It is a distance of twenty feet from the north rail of the north or westbound tracks to the north curb line. Westerly from its intersection with Gustine Avenue Gravois is downgrade, a relatively steep incline, for several blocks. About four-thirty P. M., May 27, 1927, a clear day and the street was dry, the plaintiff, then a boy twelve years of age, was riding west on Gravois with a boy friend, James Irgang, on James' bicycle. James was sitting upon the seat of the bicycle and operating the pedals and the handlebars and guiding the course of the bicycle. Plaintiff "was sitting sideways upon the horizontal cross-bar that runs from just below the handlebars to the seat," his body being turned toward the north, his head however turned, and he was looking, toward the west, the direction they were traveling. His position did not obstruct the view ahead of James who was operating the bicycle. The boys entered Gravois several blocks east of Gustine Avenue and turned west traveling on the north side of Gravois between the car tracks and the north curb and had proceeded some distance down the hill or grade west of Gustine Avenue when they fell or were thrown from the bicycle against the north curb of Gravois Avenue and an iron lamp post near the curb. They were both rendered unconscious and suffered severe and permanent injuries. Immediately prior to the fall from the bicycle one of defendant's motor trucks operated by one of its employees in the course of defendant's business was also traveling west on the north side of Gravois between the north or west-bound

street car track and the north curb and to the rear of the bicycle. The facts stated thus far are uncontradicted. Plaintiff claims that defendant's truck was negligently driven against or permitted to strike the rear of the bicycle causing it to careen toward and crash into the curb throwing him and James against the curb and the iron post resulting in the injuries which are enumerated in detail in the petition but not pertinent here. Defendant denies that its truck struck the bicycle and says the accident was caused by the bicycle running against a piece of concrete paving block which was lying in the street at that point. As we read this record there was substantial but contradictory and sharply conflicting evidence substantiating both theories and therefore a case for the jury and we think a statement of the main facts and circumstances in evidence will demonstrate that the trial court correctly ruled that a submissible case was made. On the same facts the St. Louis Court of Appeals held a case was made for the jury in an action by the Irgang boy against this same defendant and affirmed a judgment for $5000. [Irgang v. Tieman Coal & Material Co. (Mo. App.), 46 S. W. (2d) 919.] Plaintiff testified that as the bicycle started down hill at Gustine Avenue he looked back east and "saw the truck behind our bicycle; it was then about 100 or 150 feet behind us;" that as they went down the hill he realized the truck was drawing close to the bicycle as he "heard the hum of the motor and the noise the truck was making on the street;" that immediately before the accident he was "looking down" and "saw the lower part and left-hand wheel was about a couple of feet in back and four or five feet to the left of the bicycle and moving toward" it; that the truck "was running toward the bicycle;" that instantly thereafter "I felt an impact;" the bicycle was "thrown over to the right," they were thrown from the bicycle, and "that is all I remember." On cross-examination plaintiff said "I did not see a granite block in the street there." A street car motorman testified that as his west-bound street car was going "down Gravois hill" he noticed the boys on the bicycle ahead of the car and they were then "about one-third of the way down the hill;" that he first noticed the truck as it passed his car and the bicycle was then "probably a hundred feet or more ahead of the truck;" that the truck went on ahead of the street car traveling between the street car track and the north curb; that the "truck was following behind the bicycle" and "gained on the bicycle" until the truck came between me and the bicycle and "obstructed my view of the boys;" that the last he saw of the boys before his view was obstructed by the truck "the bicycle was about five feet from the right-hand" or north curb; that when he next saw the boys, as his car proceeded on down the hill, they and the bicycle were "lying over on the curb and the truck had stopped with the rear end about 30 feet beyond

(west of) the boys;" that he stopped his car "and went over there as quick as I could;" that he saw the driver of the truck there; that "I did not see anything on the street paving in back of the truck excepting the bicycle and the boys;" and that "I didn't see a concrete block in the street there." One Menne, a letter carrier, was riding as a passenger on this street car. He was on the "front platform" with the motorman. He testified that he saw both the bicycle and truck going down the hill ahead of the street car; that after the truck passed the street car it "picked up speed and got closer to the bicycle;" that when the truck got "within about twenty feet of the bicycle my view of the bicycle was obstructed by the truck;" that he next "saw the boys and the bicycle lying over on the curb and the truck was then stopped about 25 to 30 feet" west of "where the boys were lying;" that the "bodies were lying half way on the curb and half in the street;" and that "I did not see any concrete block or brick or anything of that kind on the street anywhere around the bicycle." The conductor on the street car went over to where the boys were lying. He said: "I did not see any granite block in the street anywhere about the place where the boys were lying." James Irgang stated that as they went down the hill the bicycle was coasting and he controlled and checked the speed by use of the "coaster brake;" that at the time of the accident the bicycle was traveling slower than it had been at any time since they started down the hill; that he realized the truck was to the rear of and close to the bicycle as he heard the "hum of a motor in back of me;" that "I started to look around" and "right then the accident happened;" that "I felt a jolt" which "came from the rear" but "I don't know what happened;" that the next he recalls was awakening in a hospital the following day; that his view ahead was not obstructed and that he did not see any paving block or obstruction in the street. Plaintiff also had evidence that both wheels of the bicycle were damaged. That there was "an indentation in the rear wheel" and "several spokes" were "broken out" of the rear wheel. On behalf of defendant one Skinner testified that he was walking east on the sidewalk along the south side of the street; that he first noticed the bicycle coming down the hill when it was yet "some distance east of the place where the accident occurred;" that the bicycle traveled "about four or five feet" from the north curb "as they came down there;" that he didn't notice any other traffic going west until "after the accident occurred" (evidently did not see the truck or street car until after the accident); that "all at once the boys went over and I went over there" and "there was a rock lying there, a granitoid paving block, the same as they pave between the street car tracks" (all the other testimony in the case was that the space between the tracks was paved with

brick as was the street); that "then the truck came up and the man got off and came over and we tried to assist them;" and that "after the accident that granite block was lying in the street about four or five feet out from the curb." To this point the witnesses' testimony allows an inference or conclusion that the bicycle struck the paving block which he says was lying in the street. Later he stated "they struck that granitoid block" and "I think they pitched over the handlebars." Whether this purports to be a statement of fact based on his observation of the happening made from the other side of the sixty-foot street or merely his conclusion based upon the discovery made of the "granitoid block" when he crossed the street is certainly not clear. Appellant relies largely on the testimony of this witness, which it says supplied direct and positive evidence as to how the accident occurred and the cause thereof, to wipe out and destroy all the inferences arising from the evidence offered by plaintiff that the truck struck the rear of the bicycle and require the court to declare that a submissible case was not made. A police officer stated that he went to the scene some three and a half or four hours after the accident and "we looked for a block in the street and found a half a granite block in the street— . . . . it was about five or six feet from the north curb . . . I don't know what became of that granite block. I didn't remove it; just left it lying there." The truck driver said "my eyes were on the two boys and the bicycle when the accident happened. The boys went over the front of the bicycle . . . . at that time I was about a hundred or a hundred and fifty feet from there . . . . . I kept on going west . . . . and stopped the front end of the truck twenty-five or thirty feet east of the boys . . . I saw a granite block . . . . . lying under the bicycle . . . I put the bicycle in my truck but did not put the block in the truck." Certainly the plaintiff adduced substantial evidence from which the jury could reasonably conclude that the truck struck the bicycle. True the evidence as to that is circumstantial but nevertheless sufficient to warrant and support such finding and practically speaking the testimony of the two boys was in effect of a direct character. This is not a case of legal presumption arising upon the showing of certain facts being wiped out or refuted by uncontradicted and uncontroverted evidence on the part of the defendant to the contrary but here plaintiff's evidence warrants an inference of fact that the truck struck the bicycle and defendant's evidence to the contrary is controverted both by direct testimony and facts and circumstances, making an issue of fact for the jury who pass upon the credibility of the witnesses and the weight and value of their testimony. On these same facts the St. Louis Court of Appeals in the companion case, noted, supra, said: "One of the first grounds urged as a reason for the reversal of this

case is that the evidence was not sufficient to make out a case for the jury, because the liability for injury rested entirely on circumstantial evidence, and that the circumstances did not reasonably attempt to support a finding for plaintiff. It is conceded here by the testimony on both sides that this truck was defendant's truck, operated by defendant's driver. While it is true there is no witness who testified positively that he saw the truck strike the bicycle, yet there is evidence that the truck was behind the bicycle, was gaining on it, and the boys who looked back and saw the truck immediately behind the bicycle say that only a moment later something struck the bicycle from the rear. . . . There was certainly sufficient evidence from which the jury could find that this truck struck plaintiff's bicycle. There were witnesses who testified that it did not, but that, of course, was clearly a jury question." [See, also, Sooby v. Postal Telegraph Cable Co. (Mo. App.), 217 S. W. 877; Stanley v. Chicago, M. & St. P. Railroad Co., 112 Mo. App. 601, 87 S. W. 112; Young v. Wheelock, 333 Mo. 992, 64 S. W. (2d) 950.] As heretofore stated we are of the opinion a submissible case was made.

■ It follows that plaintiff was entitled to have the case submitted under proper instructions correctly declaring the law of the case and this brings us to appellant's assignment that erroneous instructions were given on the part of defendant. The first complaint is leveled at defendant's given instruction numbered 6 on the burden of proof which concludes as follows:

"If however, you find the evidence touching the charge of negligence against defendant to be evenly balanced, or the truth as to the charge of negligence against defendant remains in doubt in your mind, after fairly considering the evidence, your verdict must be for defendant."

The instruction, in full, is a copy of an instruction which was seemingly approved by this court in Denkman v. Prudential Fixture Co. (Mo.), 289 S. W. 591, 595, decided in 1926. It was criticized and declared erroneous in Payne v. Reed, 332 Mo. 343, 59 S. W. (2d) 43, decided in 1932. The instant case was tried in 1931 and relying upon the Denkman case defendants offered and the trial court gave the instruction. In Aly v. Terminal Railroad Assn. of St. Louis, 336 Mo. 340, 78 S. W. (2d) 851, decided December 1, 1934. Division Two of this court ruling a like instruction held the giving thereof to be reversible error and overruled "the cases in which this court has heretofore apparently approved" similar instructions. It was said in that case:

"Jurors would no doubt understand by the latter part of the instruction that a plaintiff must prove a charge of negligence by such a preponderance of the evidence as to remove any doubt in their minds as to such charge. We are of the opinion that would be a

correct interpretation of the instruction. Such an instruction casts upon a plaintiff a much greater burden than the law requires. Division One of this court held a similar instruction erroneous in Payne v. Reed, 332 Mo. 343, 59 S. W. (2d) 43. The opinion in that case refers to and criticizes previous opinions by this court which apparently approved a similar instruction. We deem the giving of such an instruction to constitute reversible error. In this holding we are fortified by numerous authorities. . . .

"The cases in which this court has heretofore apparently approved instructions similar to the instruction now under discussion were indirectly, at least, overruled in Payne v. Reed, supra. To the end that bench and bar may not be misled by those decisions, we now say that they should not be followed on the point in question."

We have omitted the citation of and excerpts from authorities appearing in the opinion. Later in Sheehan v. Terminal Railroad Assn. of St. Louis, 336 Mo. 709, 81 S. W. (2d) 305, 308, this court en banc ruled the same instruction and after citing the Aly case, supra, and numerous authorities said:

"All the authorities cited are in accord in holding that the instructions under discussion cast upon the plaintiff a greater burden on the question of proof than the law requires and are, therefore, erroneous. *Such an instruction goes to the substance of plaintiff's right of action and cannot be classified as a matter of procedure.*" (Italics ours.)

The giving of a burden of proof instruction like or similar to defendant's Instruction 6 given in the instant case was held to be reversible error in the following recent cases, all of which had been tried prior to our decision in the Aly case and were pending here on appeal at that time; Collins v. Beckman (Mo.), 79 S. W. (2d) 1052 (Division Two); Werminghaus v. Eberle (Mo.), 81 S. W. (2d) 607 (Division One); and Dempsey v. Horton, 337 Mo. 379, 84 S. W. (2d) 621 (Division Two). It will be noted that in the Aly case, supra, the court referring to Payne v. Reed, supra, observes that, in the Payne case, "Division No. One of this court held a similar instruction erroneous" and "The opinion in that case refers to and criticizes previous opinions by this court which apparently approved a similar instruction." The Payne case was an action for damages by a widow for the death of her husband alleged to have been caused by the negligence of defendant. The verdict was for defendant. The trial court sustained plaintiff's motion for a new trial on two of the grounds assigned, that the verdict was against the weight of the evidence and that the court erred in giving a certain withdrawal instruction. Upon defendant's appeal from the order granting the new trial we affirmed the action of the trial court and then turning to defendant's instruction on the burden of proof, numbered 9,

which is similar to the one now under discussion, we observed: "A patent error, though not stressed here, but which may account for the jury returning a verdict against the weight of the evidence is found in defendant's given Instruction No. 9." The instruction is set out and we then said: "This .. . . is equivalent to saying that if on the whole evidence there remains a reasonable doubt as to defendant's guilt of negligence, to give him the benefit of the doubt and find for defendant. This is the rule in criminal cases but not in civil cases." The Denkman case and other cases tending to support the holding of that case are reviewed. While we clearly declared the instruction erroneous we concluded our discussion thereof with this comment: "We are not holding that the trial court in the light of our previous rulings, should have granted a new trial for error in giving this instruction, if no other error appeared, but we do say the instruction gives defendant all he is entitled to without adding the objectionable clause, and that on another trial the instruction should be framed accordingly." ■■■ Respondent points out that this case was tried prior to the decision in the Payne case and takes the position that our comment in the Payne case above set out clearly indicates a purpose to make the ruling prospective only and not retroactive so as to constitute the giving of the instruction in cases tried prior thereto reversible error. Respondent assumes to find further support for this contention in the Aly case in which we say: "The cases in which this court has heretofore apparently approved instructions similar to the instruction now under discussion were directly, at least, overruled in Payne v. Reed, supra. To the end that bench and bar may not be misled by those decisions we *now* say they should not be followed on the point in question." (Italics ours.) Respondents argue that "the use of the word *now* (December 1, 1934) indicated that *thereafter* the decisions which had approved such instructions should no longer be followed" and therefore a policy to treat the decisions overruled as the law of cases tried in the interim—as the law "for intermediate transactions." Though that case was tried prior to the decision in Payne v. Reed, we nevertheless held the giving of the instruction approved in the Denkman case to be reversible error in the Aly case thereby making the ruling retroactive in its effect.

As respondent contends the courts of final decision may define and declare the effect of a decision overruling a former decision, that is whether or not it shall operate prospectively only (Great Northern Railway Co. v. Sunburst Oil & Refining Co., 287 U. S. 358), and we have heretofore held that when a decision overruling former decisions effects a change in the construction of a statute relating to procedure or some theretofore established rule of procedure such new statutory construction or rule shall operate prospectively only

and does not affect proceedings had prior thereto in conformity with the former construction of the statute or announced rule of procedure but where, as in this case, former decisions are found to have approved an incorrect rule of general or substantive law we have in overruling such former cases applied the correct rule in the case in which it is announced and in doing so made it retroactive in effect and have thereafter applied the correct rule in all cases coming before us though in doing so it operates retroactively. The distinction is recognized in the Sheehan case, and we have italicized our statement to that effect in quoting therefrom, supra, but for emphasis repeat that portion of the excerpt here: "Such an instruction goes to the substance of plaintiff's right of action and cannot be classified as a matter of procedure." The cases on which appellant here relies, relating as they do to rulings on matters of procedure, are reviewed and distinguished and the "constant practice" followed by this court well stated in Lober v. Kansas City (Mo.), 74 S. W. (2d) 815. We there said:

"Now, it is clearly shown that, in the cases cited and relied on by plaintiffs, this court was speaking of and dealing with matters of procedure and the effect of a change of procedure by reason of a statute or ruling of the Supreme Court on other like cases then pending. It was ruled, and correctly so, that the change in the procedure wrought by the court's new ruling should act prospectively only, and not retroactively, on other cases. Such ruling, however, is confined to matters of procedure, and had no application to the court's determination and announcement of some general principle of substantive law. . . . And so this court correctly ruled in State ex rel. v. Haid, 330 Mo. 1093, 52 S. W. (2d) 183, 186, that: 'It is a well-settled rule that, if before final decision in a case a new statute as to procedure goes into effect, it must from that time govern and regulate the proceedings. . . . And a like result is produced by a change in the construction of a statute relating to procedure by a court of last resort.' This is the extent to which this court has gone and no further. We have not ruled, as plaintiffs contend, that 'no order, ruling or decision of a trial court should be reversed because of changes' in the law as evidenced by overruling a former case on the same subject, 'where said ruling or decision was correct when made' according to such overruled case. In matters of general law, former cases are overruled because the ruling therein never was the law and the case in hand is decided the same as if such overruled case had never been written. Such has been our constant practice, as the published reports show, and we merely refer, for illustration, to Scanlon v. Kansas City, 325 Mo. 125, 28 S. W. (2d) 84; McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557, 92 A. L. R. 641; Lamar W. & E. L. Co. v. Lamar, 128 Mo. 188, 26 S.

W. 1025, 31 S. W. 756, 32 L. R. A. 157, and Bollinger v. St. Louis-San Francisco Ry. Co., 334 Mo. 720, 67 S. W. (2d) 985." [See, also, Harke v. Hasse, 335 Mo. 1104, 1112, 75 S. W. (2d) 1001, 1004.]

We rule the contention against respondent and hold that since the rule as to the burden and degree of proof required of plaintiff is a matter of substantive law the instruction was clearly prejudicial and the giving thereof constituted reversible error.

██ At defendant's request the court gave the following instruction:

"The Court instructs you that it is your duty in considering the evidence, deliberating upon and determining the facts in this case, to first decide upon the question of whether under all the facts and circumstances there is or is not any negligence upon the part of defendant as defined to you by other instructions. Until this question of negligence has been determined by you, you have no right to take into consideration the nature, character or extent of the alleged injuries to plaintiff, *except as an aid to you in determining whether or not defendant was negligent,* or the amount, if any, that the plaintiff is entitled to recover because of such injuries. If the plaintiff is not entitled to recover, that is, if it is not shown to your reasonable satisfaction by the greater weight of the credible testimony upon the question of negligence that he should recover at your hands, then you should not and must not in your deliberations at all consider to what extent, if any, he has been injured.

"Neither passion, prejudice nor sympathy should influence you in any manner in deciding the case; for it is your sworn duty to try this case and decide it according to the evidence and the instructions." (Italics ours and hereafter referred to.)

Appellant claims error in the instruction. With the clause which we have italicized omitted this instruction was criticized and held erroneous in Stolovey v. Fleming, 320 Mo. 946, 8 S. W. (2d) 832, and Ryan v. Burrow, 326 Mo. 896, 33 S. W. (2d) 928. It was pointed out in those cases that under the facts in evidence concerning the injuries sustained the "nature, character and extent" of the injuries were circumstances which might be considered by the jury along with all the other facts and circumstances in determining the issue of negligence but that the instruction excluded such facts from the consideration of the jury in determining that issue. To meet the objection the italicized clause was inserted and with that revision the instruction again came before this court in Wolfson v. Cohen (Mo.), 55 S. W. (2d) 677, 681. After referring to the Stolovey and Ryan cases, supra, we said: "The instruction in this case, however, contained an exception evidently intended to obviate the error pointed out in the instructions in the Ryan and Stolovey cases. The jury were, therefore, told not to take into consideration, until the

question of negligence has been determined, the nature, character, or extent of the alleged injuries to plaintiff '*except as an aid to you in determining whether or not defendant was negligent.*' This exception clarified the meaning of the instruction, and prevented it from declaring an erroneous rule. Moreover, there was no dispute in this case about how plaintiff was injured, where she was struck by the automobile, or that defendant was driving at a speed sufficient to cause the injuries plaintiff claimed to have sustained." Several matters of evidence were then noted which might have been considered by the trial court as warranting a cautionary instruction and we held the giving of the amended instruction in that case was not error. While in the Wolfson case we seemingly approved the instruction in its present form and the giving thereof in a proper case we now note that after stating the proposition with the saving clause, approved in the Wolfson case, inserted the instruction then by way of repetition restates substantially the same matter in this way: "If the plaintiff is not entitled to recover, that is, *if it is not shown to your reasonable satisfaction by the greater weight of the credible testimony upon the question of negligence* that he should recover at your hands, then you should not and must not in your deliberations at all consider to what extent, if any, he has been injured." The jury might well conclude that the "greater weight of the credible testimony upon the question of negligence" meant, and should be confined to, testimony other than that touching the nature, character and extent of the injuries. [Orris v. Chicago, R. I. & Pac. Ry. Co., 279 Mo. 1, 214 S. W. 124.] If the character of the injuries sustained by the plaintiff in the present case had been such as to constitute "a link in the chain of circumstances tending to show negligence" (Orris v. Chicago, R. I. & P. Ry. Co., supra), or a circumstance tending to show negligence, the instruction is subject to the criticism that it is confusing and misleading. Assuming that the confused wording of the instruction was calculated to cause the jury to understand that in determining the issue of defendant's negligence they were not to consider the nature or character of the injuries sustained it could hardly have been prejudicial for that reason to plaintiff in this case, as it does not appear that the evidence concerning the nature and character of plaintiff's injuries in any way tends to show, or to throw any light upon the issue, that defendant's truck struck the bicycle. The instruction was disapproved generally in Unterlachner v. Wells (Mo.), 278 S. W. 79, 83, as being "too much in the nature of a lecture to the jury as to duty to defendant and not to their duty upon the whole case," but is not further discussed and as the judgment in that case was reversed because "the instructions as a whole were highly prejudicial to plaintiff"

and "erroneous in the particulars pointed out" it is not clear that the giving of this instruction was there regarded as reversible error.

Appellant complains generally of instructions numbered 7, 8 and 9 given at the instance of defendant but the only specific objection made is to the giving of Instruction 9 telling the jury that if they find a verdict in favor of plaintiff "then in assessing the amount of plaintiff's damages, if any, you shall not allow him anything for medical or hospital expense." Reimbursement for medical and hospital expense was not sought, no evidence thereof was offered, plaintiff's instructions on the measure of damages did not submit such items nor was any attempt made to recover therefor, directly or indirectly, in this action. Therefore there was no occasion to give the instruction, it had no place in the instructions and should not have been given.

For the reasons stated the judgment of the circuit court is reversed and the cause remanded. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.