**Hiller Arthur HAYES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17938.**

United States Court of Appeals
Eighth Circuit.

June 30, 1965.

Hiller Arthur Hayes, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., filed typewritten brief for appellee.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

This is an appeal by Hiller Arthur Hayes, hereinafter called defendant, from final order entered December 2, 1964, denying his 28 U.S.C.A. § 2255 motion to vacate sentence, filed August 17, 1964. The trial court's memorandum opinion is reported at 236 F.Supp. 225.

Defendant was tried to a jury on a three-count indictment charging him with kidnapping three different persons on the same occasion in violation of 18 U.S.C.A. § 1201. Defendant was convicted and sentenced to concurrent terms of imprisonment of 99 years on each count. Upon appeal, his conviction was affirmed. Hayes v. United States, 8 Cir., 296 F.2d 657.

The sole issue raised in defendant's motion before us is that his confession, which was introduced in evidence at his trial, was obtained in violation of his Sixth Amendment constitutional rights to assistance of counsel. He relies upon Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. On brief, defendant raises the additional issue that the court failed to hold a hearing outside the presence of the jury on the question of the voluntariness of his confession, and defendant also urges that his confession was coerced. We shall consider all issues raised by the defendant.

We agree with the trial court's view that Massiah and Escobedo are factually distinguishable from our present case. In Massiah, defendant after indictment and after employment of counsel, while out on bond, was at the instance of the Government interviewed by a confederate in a car which had a hidden radio transmitter installed, of which the de-fendant had no knowledge. By such means, the Government agents heard incriminating statements made by the defendant to his confederate. The Court held such evidence was illegally obtained in violation of the Sixth Amendment right to assistance by counsel. The Court in effect held that the Government could not thus question defendant indirectly as to subject matter which if inquired into directly would violate the defendant's constitutional rights.

In Escobedo, defendant had employed an attorney. When the police sought to interview him after his arrest, he asked to see his lawyer. At the same time, his lawyer was in the police station making persistent demands to see his client, all of which were refused. The defendant was not advised as to his constitutional rights. The defendant had no previous criminal record. The holding of Escobedo is:

> "We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' * * *." 378 U.S. 478, 490–491, 84 S.Ct. 1758, 1765.

[1] The limiting language just quoted and the Escobedo Court's finding that the case is distinguishable from Crooker v. State of California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448, indicates that the Supreme Court has not established an absolute rule that a confession made without counsel violates the

Sixth Amendment rights under all circumstances.

In our present case, defendant had four prior convictions. He was fully advised of his constitutional rights and made no request to see an attorney. Defendant in his present motion makes no express allegation that his confession was coerced in any way. He alleges no facts supporting a coercion charge. Defendant, in his direct appeal in which he was represented by competent court-appointed counsel, raised the coercion issue. In our affirming opinion, the late Judge Sanborn sets out the evidence in detail and clearly demonstrates that the defendant's confession was uncoerced and voluntary.[1] See pp. 668–670 of 296 F.2d. On pp. 659–661 of 296 F.2d, repeated refusals on the part of defendant to have counsel appointed for him and defendant's insistence that he be permitted to defend himself were shown. Among other things, Hayes stated that he was represented by counsel on his prior convictions and "I can't do no worse than they did." Such expressions negate any reasonable probability that the defendant had any desire to consult with counsel before making his confession. Defendant was fully advised of his right to remain silent and informed that any statement he made would be used against him. When asked why he made the statement, he replied "I am caught, so what the Hell." As we pointed out in our affirming opinion, the confession appears in all respects to be completely voluntary. No reason for coercing a confession is apparent since the offense was committed in broad daylight in the presence of many credible witnesses.

In our prior opinion, we also pointed out that the court properly determined that the confession was voluntary. Officers had so testified before the confession was received. Such testimony was not challenged by cross-examination of the witnesses or by proof. Defendant made no request for the court to make a further inquiry as to voluntariness and made no indication of any desire to offer proof of coercion. No evidence of coercion was produced during the course of the trial.[2]

■ Thus, the court at the original trial resulting in defendant's conviction upon the basis of the record before it was justified in determining that the confession was voluntary, as is more fully pointed out in our opinion affirming the conviction. No violation of constitutional rights recognized in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, is here established. For the reasons heretofore set out, the court was completely justified in denying defendant's § 2255 motion here involved.

1. Defendant in his present brief charges that this court in its affirming opinion held defendant's constitutional rights have been violated, affirming upon the basis that the error was not prejudicial. Our opinion clearly reflects that we did not so hold. We did say:
   "Whether Rule 52(a) of the Federal Rules of Criminal Procedure, 18 U.S.C. requiring the disregard of any error, defect or irregularity not affecting substantial rights, would apply to an error in the admission of a confession in a case such as this, where the evidence of guilt was not only strong but virtually conclusive, we think it is unnecessary to decide." 296 F.2d 657, 670.
   The quotation just set out as well as our opinion as a whole clearly shows that we did not base our decision on the prejudicial error rule.

2. Defendant in a prior § 2255 motion raised the issue of his mental incompetency at time of trial. He there made a claim that he was beaten and drugged by the police officers prior to confessing. Hayes v. United States, 8 Cir., 305 F.2d 540. We held the charges made required a hearing and remanded for such purposes. After granting a full hearing, the court found that defendant's claim that he was beaten and drugged by the police was supported only by the defendant's own testimony and that such evidence was contradicted by credible witnesses. The court in a memorandum opinion filed February 1, 1963, found that there was no substantial evidence to support any of defendant's contentions. The motion was denied. No appeal was taken.

Defendant's conviction had become final prior to the filing of the Supreme Court decisions relied upon by the defendant. The trial court as an additional reason for denying defendant relief held that the Supreme Court decisions relied upon by the defendant should not be given retroactive effect. Since we have determined that no constitutional rights, as established in Massiah, Escobedo or Jackson, have been violated, we pretermit any consideration of the retroactivity issue.

The judgment denying defendant's § 2255 motion is affirmed.