**STATE of Missouri, Respondent,**

v.

**Lyman (Cowboy) DALTON, Appellant.**

**No. 53466.**

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, C. H. Parsons, Jr., Special Asst. Atty. Gen., Dexter, for respondent.

Robert A. McIlrath, Flat River, for appellant.

STOCKARD, Commissioner.

Defendant was charged with a violation of Section 557.215, RSMo Cum.Supp. 1967, V.A.M.S., a graded felony, in that he assaulted and struck with his fists Walter Klinkhardt while he was engaged in the performance of his duties as an agent of the Conservation Commission of the State of Missouri. He was found guilty by a jury, sentenced to six months confinement in jail and a fine of $1,000, and he has appealed from the ensuing judgment.

Briefly stated, the jury could find from the evidence, the sufficiency of which is not challenged, that on November 12, 1966 (the first day of the deer hunting season by use of firearms) while Walter Klinkhardt was actively engaged in the duties of an agent for the Conservation Commission of Missouri, defendant cursed him, called him a vile name, and then struck him numerous times in the face with his fists.

Defendant's first point in his brief is that the trial court erred in "allowing the prosecuting attorney to ask the defendant questions that had not been gone into in the direct examination or in no way referred to in direct examination." His second point is identical to the first except that reference is made to questions on cross-examination asked of "the wife of defendant." In neither point does the defendant set out or identify the answer or answers that he or his wife was required to make which he claims was error, or how he was prejudiced thereby. This is equally true as to the allegation in the motion for new trial.

The attemped presentation of this issue is not in compliance with Supreme Court Rule 27.20, V.A.M.R., pertaining to allegations in a motion for new trial, State v. Crocker, Mo., 275 S.W.2d 293, or with Supreme Court Rule 83.05, V.A.M.R., pertaining to the presentation of points in briefs, State v. Rapp, Mo., 412 S.W.2d 120, and presents no issue for appellate review. We have, however, read the direct testimony of defendant and of his wife, and also the cross-examination of each. No objection was made to any question asked defendant's wife on cross-examination. The trial court sustained one of the objections made to questions asked of defendant, three questions were answered before an

objection was made, and the objections were correctly overruled as to five other questions. Section 546.260, RSMo 1959, V.A.M.S., which provides that at the option of the defendant, he and his spouse may testify and "be liable to cross-examination, as to any matter referred to in his examination in chief" does not mean that the state is to be confined to a "categorical review" of the matters covered or stated in the direct examination of a defendant, but "the cross-examination may cover all matters within the fair purview of the direct examination." If in direct examination the defendant refers in a general way to a subject he may then be cross-examined in detail as to that subject. State v. Scown, Mo., 312 S.W.2d 782, 786–787; State v. Moser, Mo., 423 S.W.2d 804. Without elaborating on the circumstances of each instance, we find by reason of our examination of the record beyond our duty in the matter, that no prejudicial error occurred for the reason assigned in the objections.

■ Defendant's third point is that the trial court erred in permitting the prosecuting attorney "to question witnesses with regard to a statement allegedly made by the defendant concerning catholics and masons." Again, this point is inadequate, but from the argument we find that reference is intended to the testimony of James L. Strader. That witness testified that while he and defendant were in front of Klinkhardt's automobile immediately before the altercation, defendant made several abusive remarks about Klinkhardt, and stated that he "was a catholic and there is no such thing as a good catholic or mason except a dead one." Defendant's motion to strike was overruled.

This testimony as to defendant's statement was relevant and admissible to prove the existence of a state of mind on the part of defendant. It was immediately following this statement that the assault occurred. See State v. Meidle, Mo., 202 S.W.

2d 79, 82; State v. Varner, Mo., 329 S.W. 2d 623, 629, certiorari denied, 365 U.S. 803, 81 S.Ct. 468, 5 L.Ed.2d 460; State v. Marlin, Mo., 177 S.W.2d 485, 489. Defendant also refers to the testimony of Tommy Wade, who testified only that he did not hear the remark testified to by Strader, and to the testimony of Glenn Skinner, who said that "there were curse words" used by defendant "in reference to his feelings about catholics and masons." We find no prejudicial error.

Defendant's last point is that the trial court erred in denying his motion for "a directed verdict" because "the conduct of the prosecuting attorney denied him a fair and impartial trial." This point is insufficient. However, in the argument we find that the basis for the contention is as follows: "As pointed out in this brief in discussing Points I, II, and III, the record of this trial is replete with examples of conduct upon the part of the prosecuting attorney which were highly prejudicial to the defendant and denied him the fair and impartial trial to which he was entitled." We have held that as to the matters covered by those points, even when we went beyond the applicable rules governing the scope of our review, no prejudicial error occurred.

Matters of record examined pursuant to Supreme Court Rule 28.02, V.A.M.R., are without error.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

FINCH, P. J., and EAGER, J., and MEYERS, Special Judge, concur.

DONNELLY, J., not sitting.