**STATE of Missouri, Respondent,**

v.

**Roberta J. MICK, Appellant.**

**No. 28401.**

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1976.

Motion for Rehearing and/or Transfer
Denied Jan. 31, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Christopher R. Brewster, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was charged by information with robbery, first degree, by means of a dangerous and deadly weapon (Sections 560.120 and 560.135, RSMo 1969). A jury found defendant guilty as charged and fixed her punishment at eight years imprisonment.

An abbreviated statement of facts will suffice as there was substantial evidence to support the verdict returned by the jury— defendant does not contend otherwise. Defendant, acting in concert with a companion, was positively identified as one of two persons who committed an armed robbery on February 20, 1975, at the Cirise Investment Company located at 3411 East 9th Street, Kansas City, Missouri.

Defendant's sole point on appeal is that the trial court erred in allowing the prosecuting attorney to question her about the results of a polygraph examination. The trial context in which this point arose is as follows. Defendant, in response to a question on redirect examination regarding her delay in informing the police of a claimed alibi, volunteered the following: ". . . This is the reason that I was there talking to Detective Dawson, and *set up with him to take this polygraph test* and everything, that I later talked to you about. . . ." (Emphasis supplied.) Over defendant's objection the state was permitted to pursue the following line of questioning during its recross-examination of defendant:

"Q  You mentioned you had a polygraph examination; did you take a polygraph examination?

A  Yes, sir.

Q  Do you know what the results of the polygraph examination were?

A  Yes.

Q  What were they?

A  They said I failed it."

█ It is the general rule in this state that the results of polygraph examinations are inadmissible as evidence because they lack scientific support for their reliability. *State v. Weindorff,* 351 S.W.2d 806, 811 (Mo.1962); *State v. Cole,* 354 Mo. 181, 188 S.W.2d 43, 51, 189 S.W.2d 541 (1945); and *State v. Jacks,* 525 S.W.2d 431, 435 (Mo. App.1975). However anomalous it may be, the parties, by stipulation, may waive objections to the admission of polygraph examinations and their results, and in that sense imbue them with reliability and probative value. *State v. Fields,* 434 S.W.2d 507 (Mo. 1968).

█ Section 546.260, RSMo 1969, provides in part, that a defendant in a criminal case who testifies in his own behalf ". . shall be liable to cross-examination, as to any matter referred to in his examination in chief . . ." This statutory provision has been interpreted as permitting the state to cross-examine a defendant in detail with respect to matters about which he testified during the course of his direct examination. *State v. Dalton,* 433 S.W.2d 562, 563–64 (Mo.1968); *State v. Moser,* 423 S.W.2d 804, 806 (Mo.1968); and *State v. Rice,* 519 S.W.2d 573, 575 (Mo.App.1975). Concomitantly, authority exists in this state that a defendant who chooses to take the stand and testify in his own behalf may not complain of being cross-examined on a matter otherwise deemed inadmissible if the matter upon which he is being cross-examined was injected by him into evidence during the course of his direct examination. *State v. Warters,* 457 S.W.2d 808, 816 (Mo.1970); and *State v. Carson,* 239 S.W.2d 532, 537–38 (Mo.App.1951).

Although no cases have been found applying the foregoing principle—that a defendant cannot complain of being cross-examined on an otherwise inadmissible matter if he himself injected the inadmissible matter during his direct examination—to a factual situation matching the one at hand,[1] defendant has failed to come foreward with any persuasive authority or any persuasive reason why it should not apply. The defendant volunteered the fact that arrangements had been made for her to take a polygraph examination; it was totally unresponsive to any question asked her. Thus, defendant, of her own volition, implanted in the jurors' minds that she had taken a polygraph examination. Absent any further explanation, the jurors may well have inferred that the results of the polygraph examination were favorable to defendant. Pragmatically analyzed, defendant sought to gain certain benefits from her voluntary statement while at the same time shielding herself from the adverse results of the polygraph examination. The state on recross-examination sought to destroy any favorable inference that might have been derived by the defendant from her voluntary and unexplained statement. As cogently stated in *State v. Williams,* 519 S.W.2d 576, 578 (Mo.App.1975), with regard to the scope of cross-examination of a defendant who has testified in his own behalf, ". . . the state is not confined to a categorical review of the matters covered or stated in the direct examination, but that cross-examination may cover all matters within the fair purview of the direct examination." As the defendant in the instant case voluntarily opened up the subject of the polygraph examination during her testimony on redirect examination, she will not be heard to cry that she was prejudiced by the state's development of the matter on recross-examination as the latter covered matters "within the fair purview" of her volunteered statement.

Judgment affirmed.

All concur.

---

1. *Williams v. State,* 238 So.2d 137, 139 (Fla. App.1970) is the closest case in point found by this court. In *Williams,* defendant testified on direct examination that he had "offered to take a lie detector test, but didn't". The court held that defendant had "opened the door" on the subject and the trial court did not commit error in permitting the state to "delve into the reason why the same was not taken."