STATE of Missouri, Plaintiff-Respondent,

v.

Billy Ray ROBERTS,
Defendant-Appellant.

No. 10171.

Missouri Court of Appeals,
Springfield District.

Feb. 15, 1977.

John C. Danforth, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Bruce K. Kirby, Kirby, Lewis & Cohick, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Defendant Billy Ray Roberts was convicted of uttering a forged instrument [§ 561.011, RSMo 1969] by a Greene County jury and sentenced to four years in the custody of the Missouri Department of Corrections. We affirm.

The defendant was identified by three employees of a grocery store at Republic, Missouri, as the individual who cashed a forged stolen money order. Defendant did not testify but his brother did and stated he was the person who cashed the money order. The brother, a four-time felon, was at time of trial serving a sentence for uttering a forged money order in Lawrence County.

Defendant's first point is that the court erred in overruling his motion for judgment of acquittal at the close of all the evidence because a reasonable doubt as to defendant's guilt existed as a matter of law. This contention is premised on the fact that his brother "confessed" to passing the money order.

There is no merit to the point. The jury chose to believe the testimony of the three store employees and rejected the testimony of defendant's felon brother. Furthermore, in determining the sufficiency of the evidence in ruling the motion for acquittal, the state's evidence and all reasonable inferences arising therefrom are considered and evidence and inferences to the contrary are ignored. *State v. Strong*, 484 S.W.2d 657, 661 (Mo.1972); *State v. Gilyard*, 523 S.W.2d 564, 567 (Mo.App.1975).

Defendant next contends it was error for the court to refuse his request that his brother be subjected to a lie detector test to corroborate the latter's "confession." This point is without merit. In Missouri, in the absence of a stipulation between the parties, the results of a lie detector test are not admissible in evidence. *State v. Fields*, 434 S.W.2d 507 (Mo.1968); *State v. Faught*, 546 S.W.2d 515 (Mo.App. 1977) and cases cited therein.

Defendant's third point is that the court erred in refusing to allow the defendant to introduce a sample of his handwriting to be compared against a sample of his brother's handwriting and the signature upon the money order. Since endorsement of the stolen money order was not an element of the offense charged against the defendant, samples of his and his brother's handwriting were irrelevant to the charge and the court properly rejected defendant's proffer. *State v. DePoortere*, 303 S.W.2d 920 (Mo.1957).

Defendant's final point pertains to alleged prosecutorial comment on the defendant's failure to testify. In his brief defendant admits no objection was made to the comment. This precludes our review since we are not to consider for the first time on appeal a claim that the prosecuting attorney commented on defendant's failure to testify. *State v. Thompson*, 425 S.W.2d 80, 84 (Mo.1968). We have examined the argument to determine whether it necessitates invocation of the plain error rule. Rule 27.20(c), V.A.M.R. We conclude the prosecutor's comment is not subject to the construction placed upon it by the defendant and the plain error doctrine is not applicable. The defendant's guilt was established by overwhelming evidence and, consequently, no injustice or miscarriage of justice will result from our refusal to invoke the plain error rule. *State v. White*, 529 S.W.2d 22 (Mo.App.1975).

We have reviewed those matters required by Rule 28.02, V.A.M.R., and find no error.

Judgment affirmed.

All concur.