STATE of Missouri, Plaintiff-Respondent,

v.

Luther E. HUGHES, Defendant-Appellant.

No. KCD 28736.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SWOFFORD, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Defendant appeals his conviction and jury-imposed sentence of three and one-half years for the crime of sodomy per os.

The single issue to be determined is the propriety of the cross examination of defendant relating to the issue of supposedly exculpatory statements made to the police who arrested him.

Defendant does not question the sufficiency of the evidence, and the issue posed may be posited on an abbreviated statement of the facts. The State's evidence tended to show that the complaining witness, a waitress, was forced to commit sodomy per os upon the defendant under threat of a hunting knife wielded by the defendant. The complaining witness testified that she could not start her car after her work ended at 6 a. m. and that the defendant and another helped her start the car, then entered her car and forced her to drive a few blocks where the offense took place. The defendant testified; and his version was that the complaining witness, in the company of another man whom the defendant characterized as the "pimp", solicited the defendant for money for the performance of the sodomy per os which the defendant testified did, in fact, occur.

The physical facts indicated the defendant was found in the complaining witness's car, sans all his clothing save a shirt. The defendant was asleep or passed out. A hunting knife and the complaining witness's bra were found in the car. A passing motorist had picked up the complaining witness after seeing her struggle with and escape from a different black man adjacent to her car. That other individual was never otherwise identified except by the defendant who claimed he was a "black dude" he had seen on the street in 1974.

The factual statement demonstrates the defendant was undertaking the bold ploy of attempting to persuade the jury to negate the statute condemning sodomy per os consensual or otherwise by a not guilty finding in the face of the defendant's admission of the constituent facts.

The thrust of the defendant's single point of error is that the cross examination of the defendant violated his right to remain silent. Cited by defendant are *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *State v. Butler,* 512 S.W.2d 466 (Mo. App.1974); *State v. Elmore,* 467 S.W.2d 915, 916 (Mo.1971).

All of these cases involve a situation where the defendant has chosen to remain silent upon interrogation and then, upon a trial where the defendant testifies, the prosecution offers the silence as impeachment of trial testimony. The situation here is markedly different. The defendant did talk to the police, and his counsel in the very early stages of the trial attempted to get before the jury the substance of the defendant's statement to the interrogating

officers in the light most favorable to the defendant. This attempt commenced when the motorist who picked up the complaining witness and returned her to her place of employment was questioned in detail by defendant's counsel as to statements made by the defendant at the time of his arrest. This motorist had returned to the location with the police who were called by the victim. This cross examination was designed to elicit information to negate the forcible nature of the act and imply a consensual relationship. Defense counsel then elicited from the defendant while he was on the stand the defendant's version of the conversation with the police. A fair evaluation of the questions and answers leads to the conclusion that the effort was to produce a version of the interrogation which was not inconsistent with his trial testimony. It is also doubtful that the objection was timely made to the cross examination. There were four specific questions directed to the defendant as to whether he had told the officers about the proposition, about the pimp, about the supposed payment, and about how he got in the car. All of these were answered without objection. Only when the prosecutor shifted the inquiry to conversations after the defendant was in jail did an objection occur which the court sustained. Defense counsel then asked a leading question which asserted the police did not ask about what happened in the car. The prosecutor then on recross asked if the defendant had told the police that the girl had propositioned him, precisely the same inquiry which had been unobjected to in the earlier questioning. The defense objection was overruled, and this last inquiry is the basis for the claim of error. It is also questionable that the error is preserved at all, since the motion for a new trial refers to prosecutorial misconduct in inquiring if the defendant had ever "denied" the commission of the offense. From the foregoing, it is clear that this is not a situation where impeachment is attempted by showing silence as in the cases cited. Rather, it is an attempt by the prosecutor to counter the inference that defendant sought to impart to the jury that nothing in the respons-es of the defendant to the police interrogation was inconsistent with defendant's trial testimony.

 The State argues that the rule of curative admissibility applies, and that position must be sustained. When a defendant testifies, he may be cross examined as to any matter referred to in his direct examination. *State v. Coyne*, 452 S.W.2d 227, 229 (Mo.1970). Such cross examination is not confined to a categorical review but may cover all matters within the fair purview of the direct examination. *State v. Dalton*, 433 S.W.2d 562, 564 (Mo.1968). A defendant may not offer his version of the interrogation and avoid cross examination on the details of what was and was not said during the interrogation.

The judgment is affirmed.

All concur.