STATE of Missouri, Respondent,

v.

William R. PETERSON, Appellant.

No. KCD 28864.

Missouri Court of Appeals,
Kansas City District.

Oct. 11, 1977.

Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, C. J., PRITCHARD, P. J., and DIXON, J.

PRITCHARD, Presiding Judge.

Appellant was convicted by the verdict of a jury of robbery in the first degree. The jury was unable to agree upon punishment, and the court set it at 7 years imprisonment in the Department of Corrections.

■ Gloria Hopkins, being alone as assistant manager of Thriftway Cleaners, 5802 Swope Parkway, Kansas City, Missouri, was confronted by a man with a handgun on the afternoon of April 4, 1975. He took from her the contents of the cash register. The first contention of error is that the court improperly permitted Gloria to testify that appellant was the same person who robbed her again on April 10, 1975, at the same location, thus introducing evidence of another crime for which appellant was not on trial. The point is without merit, and needs no further discussion than to say that the evidence comes within one of the well recognized exceptions to the exclusionary rule of proof of other crimes— that of the identity of the accused. *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (1954); *State v. Granberry,* 530 S.W.2d 714, 723 (Mo.App.1975), and cases cited.

■ Appellant testified that he did not rob the Thriftway Cleaners on April 10, 1975. His second contention of error is that the court erred in permitting the state to cross-examine him as to his whereabouts on that day, because it was immaterial to prove his complicity in the crime for which he was on trial and prejudiced his case (alibi) in the eyes of the jury, denying him a fair trial. The cross-examination was clearly within the purview of the appellant's direct testimony, and no error appears. *State v. Dalton,* 433 S.W.2d 562, 564 (Mo. 1968), and cases cited; § 546.260, RSMo 1969.

An extended opinion on this obviously unmeritorious appeal would have no precedential value. Rule 84.16(b) [as amended May 6, 1976, effective Jan. 1, 1977].

The judgment is affirmed.

All concur.