**STATE of Missouri, Respondent,**

v.

**Odell SCOTT, Appellant.**

**No. KCD 29371.**

Missouri Court of Appeals, Kansas City District.

Aug. 28, 1978.

Clifford A. Cohen, Public Defender, Kevin Locke, Asst. Public Defender, Kansas City, for appellant.

Ralph L. Martin, Pros. Atty. for Jackson County, Robert Frager, Asst. Pros. Atty., Kansas City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was tried to the court, convicted of common assault (Sec. 559.220, RSMo 1969), and sentenced to three months confinement in the Jackson County Department of Corrections.

Defendant has not challenged the sufficiency of the evidence. Briefly, defendant entered the victim's home on the afternoon of May 5, 1976, under the guise of selling "life insurance". After gaining entry he pushed the victim, a fourteen year old female, into the bathroom for the ostensible purpose of "checking her over" for insurance. Once inside the bathroom, defendant assaulted the victim by pushing her to the floor and attempting to remove her pants.

Prior to trial defendant and the state executed an instrument in writing whereby defendant agreed to submit to a polygraph examination. The parties stipulated therein that the results of the polygraph examination, in the form of an opinion by the polygraphist, could be offered into evidence by either party without objection from the other so long as the results were not indefinite or inconclusive. The parties further stipulated that if the results of the polygraph examination were offered in evidence the opposing party was to have the right to cross-examine the polygraphist as to his qualifications, the manner in which he conducted the examination, the relevant questions asked the defendant and his opinion as to the defendant's truthfulness to each of the relevant questions. Although defendant's polygraph charts and the polygraphist's worksheets were not to be introduced into evidence, the parties agreed that the polygraphist could be questioned as to polygraph techniques and the possibility of error.

A polygraph examination of defendant was conducted by polygraphist Ray Crawford with conclusive adverse results so far as defendant was concerned. Crawford, called as a witness by the state, testified on oral examination that defendant, in his opinion, was untruthful when he denied having assaulted the victim. Defense counsel on cross-examination sought to inquire of Crawford as to the "rationale" behind the general rule of evidence obtaining in this state that the results of polygraph examinations are inadmissible as evidence. Defendant's sole point on appeal is that the trial court erred in refusing to permit defense counsel to pursue this line of inquiry on cross-examination.

Defendant seeks to legitimize the prohibited course of cross-examination on the theory that it was "calculated" to test the "reliability" of the polygraph examination administered to defendant. Absent the written stipulation entered into between defendant and the state, the results of the polygraph examination administered to the defendant would have been inadmissible as evidence because they lacked scientific support for their reliability. *State v. Weindorf*, 361 S.W.2d 806, 811 (Mo.1962); *State*

*v. Cole,* Mo., 188 S.W.2d 43, 51, motion den. 354 Mo. 181, 189 S.W.2d 541 (1945); and *State v. Jacks,* 525 S.W.2d 431, 435 (Mo. App.1975). However, the written stipulation entered into between the parties gave the polygraph examination administered to defendant a legal aura of reliability, thereby infusing the conclusive results obtained with probative value. As previously noted by this court in *State v. Mick,* 546 S.W.2d 508, 509 (Mo.App.1976), "[h]owever anomalous it may be, the parties, by stipulation, may waive objections to the admission of polygraph examinations and their results, and in that sense imbue them with reliability and probative value. *State v. Fields,* 434 S.W.2d 507 (Mo.1968)." It is obvious that defense counsel's prohibited course of cross-examination sought to strip the results of the polygraph examination administered to defendant of all "reliability" and probative value, notwithstanding defendant's written stipulation to the contrary. To have permitted defense counsel to pursue the objectionable line of inquiry on cross-examination would, for all practical purposes, have permitted defendant to renege on the agreement he made with the state simply because the matters he solemnly committed himself to turned out to be to his detriment. If the shoe had been on the other foot, it is reasonable to assume that defendant would have vociferously objected, and properly so, to a similar line of inquiry by the state on cross-examination.

Judgment affirmed.

All concur.