STATE of Missouri, Respondent,

v.

Charles Edward SANFORD, Appellant.

No. 41674.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 9, 1980.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for appellant.

Robert C. Babione, Public Defender, James Porter, Asst. Public Defender, St. Louis, for respondent.

GUNN, Judge.

Defendant was convicted of uttering a forged instrument in violation of § 561.011 RSMo 1969.[1] On appeal he assigns two points of alleged error: (1) that he was precluded from presenting evidence to establish that he had not made any writing on the instrument; (2) that during closing argument, the prosecutor made improper reference to defendant's failure to present evidence. We find no error and affirm the judgment.

The evidence supporting defendant's conviction was that he had appeared at the credit cashier window in the Famous–Barr department store in downtown St. Louis and attempted to make a $120 payment on a charge account with a personal check. The check in the amount of $291.46 bore the purported signature of Jim Lunsford as maker. It was payable to and had been endorsed with the signature of Cleo Thompson. The check had been completely filled

---

1. In effect at the time of the offense.

in and endorsed prior to being handed to the cashier. As the instrument was personal rather than a payroll check, the cashier sent it and the defendant to another Famous–Barr employee for authorization and ultimately to the supervisor of the check and fraud department. The supervisor recognized Cleo Thompson's name and charge–a–plate imprint on the check as being the same as on other checks which had been recently returned as stolen. Security guards were summoned, and defendant attempted to retrieve and mutilate the check by tearing it. He also tried to destroy the charge–a–plate in his possession bearing the imprint of Cleo Thompson. His efforts to escape from the store were futile, and he was apprehended by security personnel and subsequently arrested and charged.

Jim Lunsford testified for the state that his office had recently been broken into and a number of his blank checks had been stolen. He did not sign or make the check forming the basis of the charge against defendant; neither had he authorized anyone to do so.

Defendant did not testify nor was any evidence presented on his behalf. But he did seek to present testimony of handwriting experts to offer the opinion that defendant had not written on the check. The trial court refused to allow the expert testimony as not being germane to the issues.

■ On appeal defendant argues that the trial court erred in precluding the testimony of the handwriting experts. But there was no error in this regard. *State v. Roberts*, 547 S.W.2d 500 (Mo.App.1977), is on point, holding that an endorsement of the instrument is not an element of the offense of uttering a forged instrument; that, as such, handwriting exemplars are irrelevant.

■ The elements of the offense charged which must be proven beyond a reasonable doubt include: "(1) that the defendant used or 'uttered' the check in question, (2) that the check was false and not issued by its purported maker, (3) that the defendant had knowledge of its falsity, and (4) defendant had the intent to defraud." *State v. Washington*, 570 S.W.2d 838, 843 (Mo.App. 1978).

■ In support of his argument of the materiality of handwriting experts' testimony, defendant recites the precept that "the possession of and an attempt to pass a forged instrument raises a presumption that the person in possession forged it and, unless its possession is explained to the satisfaction of the trier of the facts, such presumption becomes conclusive." *State v. Gantt*, 504 S.W.2d 295, 300 (Mo.App.1973). This presumption has operative import in a forgery case, but it is immaterial if, as in this case, the charge is merely uttering a forged instrument. To sustain a conviction for uttering, the state did not have to show (and did not assert in the information[2] or otherwise) that defendant was the forger. Therefore, it was not necessary, as defendant argues, to have permitted him to "rebut" the presumption, as it was not a factor for consideration. The proffer of handwriting evidence was properly rejected. *State v. Roberts*, 547 S.W.2d at 501.

■ Defendant, however, contends that the handwriting testimony would be relevant to rebut the inference that he had knowledge of the falsity of the check. *See State v. Johnson*, 563 S.W.2d 133, 135 (Mo. App.1978), (an inference of knowledge arises from use of a forged instrument). Relevancy depends upon whether the fact sought to be proved tends to prove or disprove a fact in issue or to corroborate evidence which is relevant and which bears on the principal issue. *State v. Morris*, 585 S.W.2d 231, 233 (Mo.App.1979). Irrelevant evidence is excluded because its admission tends to draw the jury's attention away from the issues it must decide. *State v. Harlston*, 565 S.W.2d 773, 782 (Mo.App. 1978). We believe the fact of whether or

---

**2.** In his brief, defendant asserts that the state in its information had made a writing on the instrument an element of the offense. However, a logical reading of the information cannot give it such a construction. It merely states that the check was forged by someone, not necessarily the defendant.

not defendant was the forger does not tend to disprove that he had knowledge that the check was a forgery. Admission of such evidence would only serve as a distraction from the true issue—whether defendant "uttered" a forged instrument. The trial court did not abuse its discretion by excluding the testimony.

Defendant's second complaint of error concerns comments made by the prosecutor during closing argument. He declares that the prosecutor's statements amounted to an impermissible comment on his right to refrain from testifying. Section 546.270, RSMo 1969,[3] provides, *inter alia*, that a defendant's failure to testify shall not "be referred to by any attorney in the case" so as to safeguard the defendant's right against self–incrimination guaranteed by Article I, § 19 of the Missouri Constitution, and the fifth amendment, as applied to the states by the fourteenth amendment, to the United States Constitution. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

 When statements made by the prosecutor do not contain "direct and certain" references to the failure of the accused to testify, an appellate court will not interfere, unless the record shows that the trial court abused its discretion to the prejudice of the defendant. *State v. Rothaus*, 530 S.W.2d 235 (Mo. banc 1975); *State v. Hodges*, 586 S.W.2d 420 (Mo.App.1979).

The objection by defendant's counsel attended the following argument by the prosecutor: "[Defendant] had a phony credit card cause that isn't Cleo Thompson, and you have heard nothing at all to indicate why he should even have something like this. The State's evidence that relates to this is uncontradicted. There is no contradiction about it."

The Missouri Supreme Court has reaffirmed that it is generally not improper to comment on the general failure of the defense to offer evidence. *State v. Inscore*,

592 S.W.2d 809 (Mo. banc 1980). Specifically, a remark to the effect that the state's evidence is uncontradicted is not an impermissible comment on the defendant's failure to testify. *State v. Jones*, 491 S.W.2d 271 (Mo.1973); *State v. Quillun*, 570 S.W.2d 767 (Mo.App.1978). In the case *sub judice*, the prosecutor's comments cannot reasonably be construed as a direct and certain reference to defendant's failure to testify. *State v. Jones*, 491 S.W. at 274.

Finding no merit in either of defendant's points on appeal, we affirm the trial conviction.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.

---

3. Also, § 546.270, RSMo 1978 and Rule 27.05, Mo.R.Crim.P. 1980.