STATE of Missouri, Respondent,

v.

Mason WALKER, Appellant.

No. 62386.

Supreme Court of Missouri,
En Banc.

April 6, 1981.

1. *State v. Fields*, 434 S.W.2d 507, 512–15 (Mo. 1968); *State v. Hughes*, 594 S.W.2d 630, 632 (Mo.App.1980); *State v. Stowers*, 580 S.W.2d 516, 518–19 (Mo.App.1979); *State v. Scott*, 570 S.W.2d 813, 814–15 (Mo.App.1978); *State v.*

Mary Louise Moran, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jerry Short, Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Judge.

Appellant was convicted of first degree robbery in violation of § 560.120, RSMo 1969, and sentenced to a five year term of imprisonment pursuant to § 560.135, RSMo Supp. 1975. On appeal, the Missouri Court of Appeals, Eastern District, reversed his conviction and remanded the case for a new trial in light of *State v. Biddle*, 599 S.W.2d 182 (Mo. banc 1980), where we held evidence of polygraph examinations to be inadmissible in a criminal trial. On motion of the state, the court of appeals ordered the case transferred to this Court "for the purpose of determining whether the holding of *State vs. Biddle*, . . . shall be applied retroactively or prospectively only." Rule 83.02. While we may, but are not required to, review as on original appeal, Mo.Const. art. V, § 10, we here decide only that *Biddle* shall be applied prospectively and retransfer the cause to the Missouri Court of Appeals, Eastern District, for issuance of its opinion and mandate consistent with and supplementing this opinion.

In *State v. Biddle*, 599 S.W.2d 182 (Mo. banc 1980), we held evidence of polygraph examinations to be inadmissible in criminal trials. Prior to *Biddle* the results of polygraph examinations could be admitted into evidence if the parties had voluntarily stipulated to that effect.[1] Thus, *Biddle* changed the law of Missouri relating to the admission of polygraph evidence.

■ This Court has the authority to determine whether a decision changing a rule of law is to be applied retrospectively or prospectively. *Keltner v. Keltner*, 589 S.W.2d 235, 239 (Mo. banc 1979); *Dietz v.*

Ghan, 558 S.W.2d 304, 307 (Mo.App.1977); *State v. Roberts*, 547 S.W.2d 500, 501 (Mo.App. 1977); *State v. Faught*, 546 S.W.2d 515, 516 (Mo.App.1977); *State v. Mick*, 546 S.W.2d 508, 509 (Mo.App.1976).

*Humphreys,* 507 S.W.2d 389, 392 (Mo.1974); *Koebel v. Tieman Coal & Material Co.,* 337 Mo. 561, 570–71, 85 S.W.2d 519, 524 (Mo. 1935). *See Jones v. State Highway Commission,* 557 S.W.2d 225, 231 (Mo. banc 1977); *Abernathy v. Sisters of St. Mary's,* 446 S.W.2d 599, 606 (Mo. banc 1969). However, if the Court fails to indicate in the decision creating the new rule whether that rule is to be applied retrospectively or prospectively, then this determination hinges on whether the new rule of law is procedural or substantive. *Shepherd v. Consumers Cooperative Association,* 384 S.W.2d 635, 640 (Mo. banc 1964); *Barker v. St. Louis County,* 340 Mo. 986, 1001, 104 S.W.2d 371, 377–78 (Mo.1937); *Koebel v. Tieman Coal & Material Co.,* 337 Mo. 561, 570–71, 85 S.W.2d 519, 524 (Mo.1935); *State v. Hodges,* 586 S.W.2d 420, 425 (Mo.App.1979); *Durham v. State,* 571 S.W.2d 673, 676–77 (Mo.App. 1978). If the new rule is procedural, it is given prospective application only. *Moore v. Ready Mixed Concrete Company,* 329 S.W.2d 14, 24 (Mo. banc 1959). If the new rule is substantive, it is given both retrospective and prospective application. *Dietz v. Humphreys,* 507 S.W.2d 389, 392 (Mo. 1974); *Roth v. Roth,* 571 S.W.2d 659, 671–72 (Mo.App.1978).

The new rule created in *Biddle* dealt with the admissibility of evidence. Rules of evidence are generally considered procedural in nature. *State v. Shafer,* 609 S.W.2d 153, 157 (Mo. banc 1980); *State v. Hodges,* 586 S.W.2d 420, 425 (Mo.App.1979). *See Hayes v. United States,* 236 F.Supp. 225, 227 (E.D.Mo.1964), *aff'd,* 347 F.2d 668 (8th Cir. 1965). This being a procedural change, the holding in *Biddle* is to be given prospective application only. There was no error in admitting the stipulated polygraph evidence in this case because such was properly admissible under the rules of evidence being followed at the time of trial of the case.

Cause retransferred to the Missouri Court of Appeals, Eastern District, for issuance of its opinion and mandate consistent with and supplementing this opinion.

BARDGETT, C. J., and RENDLEN, SEILER, MORGAN and HIGGINS, JJ., concur.

DONNELLY, J., concurs in result.