**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry GRIFFIN, Defendant-Appellant.**

**No. 42838.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 25, 1981.

James A. Bell, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., Sam Bertolet, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant was convicted of first degree robbery. His appeal does not challenge the sufficiency of the evidence. And there was substantial evidence to support the conviction. His sole point on appeal is alleged trial court error in the ad-

mission of polygraph evidence submitted pursuant to pre-trial stipulation.

We affirm the conviction.

 Defendant relies on *State v. Biddle*, 599 S.W.2d 182 (Mo.banc 1980), holding that "polygraph examination results are unreliable evidence" and are not made admissible by pre-trial stipulation. *Id.* at 191. But defendant overlooks *State v. Walker*, 616 S.W.2d 48 (Mo.banc 1981), and *State v. Walker*, 616 S.W.2d 89 (Mo.App. 1981), and the host of cases cited therein acknowledging that the results of polygraph examinations historically have been admissible in Missouri courts pursuant to pre-test stipulation. The interdiction of polygraph examination evidence, even by stipulation, imposed by *State v. Biddle* is procedural in nature and is to be given prospective application only. *State v. Walker*, 616 S.W.2d at 49. Defendant's trial and conviction were in February, 1980; *Biddle* was decided May 13, 1980. Hence, as stated in *State v. Walker,* 616 S.W.2d at 49: "[t]here was no error in admitting the stipulated polygraph evidence in this case because such was properly admissible under the rules of evidence being followed at the time of trial of the case." Such is the situation existing here.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.