**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Timothy COMSTOCK,
Defendant-Appellant.**

**No. WD 33728.**

Missouri Court of Appeals,
Western District.

Jan. 18, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 1, 1983.

Application to Transfer Denied March 29, 1983.

William M. Barvick, Jefferson City, for defendant-appellant.

John Ashcroft, Atty. Gen., Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, C.J., and TURNAGE, and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for sodomy in violation of § 566.060, RSMo 1978. The judgment is affirmed.

Appellant's sole point charges that the trial court erred in permitting the prosecutor to cross-examine appellant relative to a prior probation violation because such cross-examination exceeded the permissible scope of inquiry into prior convictions for the purpose of impeachment and was designed to show a disposition to commit the present offense through proof of totally unrelated criminal activities.

The sufficiency of the evidence to sustain the jury's verdict is not challenged, so a brief summary of the facts suffices.

One Bruce Hobbs was an inmate at the Algoa Reformatory. He suffered a hernia and was transferred to the hospital ward at the Missouri State Penitentiary for corrective surgery. On July 22, 1981, Hobbs was locked in a hospital room with appellant, David Cruse, Robert Anderson, and Jerome Williams. At 10:00 p.m., the lights were turned off and Anderson asked Hobbs if he could sodomize him. Hobbs refused, and Cruse hit Hobbs with a pipe. Hobbs was forced into a chair by appellant, Cruse, and Anderson. Anderson and appellant then stuck their penises in Hobbs' face. Anderson and appellant then ripped Hobbs' pants off and Anderson sodomized Hobbs. After this act, appellant demanded that Hobbs masturbate him and when Hobbs refused, appellant jerked Hobbs off of the hospital bed and hit him in the stomach. Hobbs yelled and a guard removed Hobbs from the room.

A medical examination confirmed the sodomy, along with the discovery of bruises, abrasions, and scratches on Hobbs chest, leg, and finger marks on his buttocks. Appellant testified, denying that he took part in the sodomizing. The evidence closed. The jury returned its verdict. Appellant was sentenced as a prior offender. This appeal followed the overruling of timely filed after-trial motions.

On this appeal, appellant charges the trial court erred in permitting the state to cross-examine appellant concerning a prior probation. He contends that such cross-examination exceeded the permissible scope of inquiry into prior convictions for the purpose of impeachment and was designed to show a disposition to commit the present offense through proof of totally unrelated criminal activities.

On direct examination, appellant disclaimed any participation in the act of sodomy. He was asked what he did when the lights went out, and he replied, "I told Anderson right off I didn't ... I ain't [sic] getting into no part of it. I had my parole and everything in line[,] and there was no way I was going to put myself in a position to get my parole took [sic] away." Further direct examination established that appellant's parole was to take effect in four days.

On cross-examination, appellant was asked by the prosecutor what he was "serving time for". Appellant answered that he was serving time for stealing and had been convicted in 1980. After asking appellant if the stealing conviction was a felony, and having appellant answer affirmatively, the prosecutor asked, "It's pursuant to that?" Appellant answered, "They put me on probation and I broke that, and they put me in the penitentiary." After confirming his entry into the penitentiary in 1981, appellant confirmed the revocation of his probation because of the charge of sodomy. The following then occurred:

"So originally you were put on probation
. . .

Mr. Allred: I object to the question about probation. The only question is the crime he has been ...

The Court: He testified he had been on probation. Overruled. Go Ahead.

Q. (By Mr. Callahan) You say on this date ... I believe it's actually the eve-

ning of July 22 and early morning hours of July 23rd ... this incident occurred, but you were within three or four days of parole?

A. Yes, sir.

Q. You're telling the jury you wouldn't do anything to jeopardize your chances for parole?

A. Yes, sir.

Q. Yet when you were on probation you did something to jeopardize your probation.

Mr. Allred: I object. It's irrelevant and immaterial what he did.

The Court: Overruled. Go ahead."

■■■■ Appellant attacks the foregoing on the premise that the prosecutor's inquiry into appellant's probation violation was to show a propensity to commit the crime with which appellant was charged and not intended to impeach appellant's testimony.

The record reveals that appellant's objection was untimely. Appellant had answered three questions on the issue of probation. Objections that cross-examination is exceeding the scope of direct examination are not timely where not made until a response is given. *State v. Phillips,* 480 S.W.2d 836, 837 (Mo.1972). In addition, the objection was made that the issue of probation was immaterial and irrelevant. On appeal, appellant argues that the permitted inquiry was to show appellant's propensity to commit the crime for which he was being tried. The result is that appellant has enlarged his objection on this appeal. This is prohibited. *State v. Lenza,* 582 S.W.2d 703, 710 (Mo. App.1979). The result is that the issue is only reviewable under our Rule 29.12(b) for plain error.

■■ It is evident from appellant's testimony on direct examination that he denied participation in the act of sodomy, giving as his reason his pending parole. The record does not reveal that the prosecutor went into the details related to the revocation of appellant's probation as prohibited by *State v. Lane,* 613 S.W.2d 669 (Mo.App.1981). When an accused elects to testify on his own behalf, the prosecution is permitted to

cross-examination upon prior convictions, *State v. Toliver,* 544 S.W.2d 565 (Mo. banc 1976); *State v. Newman,* 568 S.W.2d 276, 281 (Mo.App.1978); and §§ 491.050 and 546.260, RSMo 1978, subject to the discretion in the trial court in the conduct of examining witnesses. *State v. Dunn,* 577 S.W.2d 649, 653 (Mo. banc 1979).

It is noted that appellant also cites *Newman,* but to show that inquiring into a prior probation was prohibited. The distinction between the instant case and *Newman* is overlooked by appellant. In *Newman,* as in the present case, the scope of cross-examination by the prosecutor was in issue. In *Newman,* however, the cross-examination included inquiry of Newman about the length of his imprisonment after sentence had been served and Newman's use of drugs and alcohol during the period of his parole, which led to the revocation of his parole. It is to be noted that there was a lengthy inquiry over objection in *Newman* which led the reviewing court to conclude that the prosecutor's inquiry had gone too far, and in reaching this conclusion, the court declared at 281–82:

"[T]he general prejudicial effect of which was pointed out in *State v. Mobley,* 369 S.W.2d 576 (Mo.1963), and quoted with approval in *State v. Scott* [459 S.W.2d 321], supra [was]:

'All lawyers and judges know that a jury's knowledge of prior convictions is, in itself, a most damning thing in the trial of a criminal case. When used for legitimate purposes, the defendant must take his chances on this. But prosecutors should not seize upon such an opportunity to further prejudice the defendant by undue repetition and insinuations, or to convey the idea of guilt by reason of the prior offenses.' "

The factors which led to the court's ruling in *Newman* are not present in the instant case. *Newman* does not control.

Appellant, by his direct testimony, attempted to convince the jury that he would not and did not participate in the act of sodomy because he faced release from custody by probation four days subsequent to

the date of the offense. Appellant provided an unsolicited response involving his probation revocation. Following that, the prosecution asked, "You're telling the jury you wouldn't do anything to jeopardize your chances for parole?" Appellant answered, "Yes, sir." The prosecution then sought to impeach appellant's credibility on that precise point by one further question: "Yet, when you were on probation, you did something to jeopardize your probation?" This inquiry was proper and was not, as charged by appellant, to show appellant's propensity to have committed the crime for which he was being tried.

Respondent maintains, and it is noted by this court, that for the inquiry herein by the prosecutor to be held impermissible, the inquiry must be shown to have been "manifestly prejudicial" to the substantial rights of the accused. *State v. Leonard,* 606 S.W.2d 403, 411 (Mo.App.1980). There is nothing upon this record to show the inquiry was impermissible because it was manifestly prejudicial to appellant's substantial rights.

As noted above, the inquiry by the prosecutor was for purposes of impeachment and was thus proper. There is no showing of any manifest injustice or plain error herein. Rule 29.12. The trial court committed no error in overruling appellant's objection. There is no merit to appellant's alleged error and it is ruled against him.

Judgment affirmed.

All concur.