**STATE of Missouri, Respondent,**

v.

**Harry HAWKINS, Jr., Appellant.**

**No. WD 35194.**

Missouri Court of Appeals,
Western District.

March 26, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied April 30, 1985.

Application to Transfer Denied
May 29, 1985.

Robert G. Duncan, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John J. Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

BERREY, Judge.

Defendant was convicted of incest, having sexual intercourse with his fifteen year old natural daughter, a class D felony and the jury assessed punishment of five (5) years imprisonment. The court sentenced defendant to five (5) years at the Missouri Division of Adult Institutions. From this conviction defendant appeals. Defendant does not challenge the sufficiency of the evidence.

The victim lived with her paternal grandmother and during warm weather she

shared her second floor bedroom with her younger brothers, ages twelve and fourteen, because she had a fan.

There were two twin beds in the room; she slept on one and one or the other of her brothers slept on the other bed and one slept on the floor. Her father often spent the night and when he did he would sleep on the twin bed with his daughter.

The indictment charged defendant with incest on September 27, 1982; there was evidence that incest had occurred on several prior occasions. The act complained of occurred in the second floor bedroom. The younger brothers were present but apparently asleep as both denied any knowledge of the act. The victim was crying during the episode but apparently did not wake her brothers. The victim testified that her father told her he was having sex with her to punish her for various transgressions, such as "skipping class."

At school the next day the victim's eyes were red and swollen and prompted inquiry from her friends. The victim eventually advised them what had transpired and following her friends' advice, discussed the problem with her counselor who notified the authorities.

■ The defendant argues the trial court erred in permitting the state to rebut his denial of ever having sexual activity with his daughter.

The defendant testifying in his own behalf denied he had ever had sexual intercourse with his daughter. The state called Kansas City Police Officer Sgt. Ray Crawford in rebuttal. Crawford testified that the defendant told him he had sexual intercourse with the victim in the summer of 1980. Defendant alleges this statement is inadmissible as there was not corroborating evidence of the corpus delicti.

The state contends that the testimony is admissible to impeach appellant's credibility by showing that defendant made a prior (before trial) statement that was inconsistent with his direct testimony at trial.

An accused may be questioned during cross-examination to any matter referred to in his examination in chief especially if the purpose is to show his credibility and trustworthiness. *State v. Elbert,* 471 S.W.2d 170, 172 (Mo.1971).

■ To use a prior inconsistent statement to impeach credibility a proper foundation must be laid by inquiring of the witness on cross-examination whether he made such a statement and being told by the witness that he does not remember or he did not make the statement.

■ Once a defendant voluntarily takes the stand he is obliged to speak truthfully and accurately. There is no doubt that once the defendant takes the stand in his own behalf he is liable to cross-examination, § 546.260, RSMo 1978. This has been interpreted as permitting the state to cross-examine a defendant in detail respecting his direct examination. *State v. Dalton,* 433 S.W.2d 562, 563–64 (Mo.1968); *State v. Rice,* 519 S.W.2d 573, 575 (Mo.App.1975). If the defendant had made inconsistent statements to a third person the jury was entitled to hear it by way of cross-examination and impeachment.

The court in *State v. Sager,* 600 S.W.2d 541, 560 (Mo.App.1980), quoted from *Harris v. New York,* 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971), "The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances."

■ The fact that defendant's statement was suppressed regarding the earlier incest in the state's case in chief and stood so throughout the trial does not mean that it may never be used. As noted the state laid a foundation by interrogating the witness concerning the alleged inconsistent statements. *State v. Thompson,* 280 S.W.2d 838 (Mo.1955).

On direct examination defendant stated, "No, I have never been involved sexually with my daughter."

On cross-examination defendant acknowledged he was interrogated by Sgt. Crawford and denied he told him he had had

sexual intercourse with the victim. This was offered not to prove the act but to demonstrate lack of credibility. Cases offered by defendant fail to counter the state's argument.

Sgt. Crawford stated during examination on rebuttal that defendant told him he had had sexual intercourse with the victim. Crawford also stated that shortly after making this statement he recanted it in the presence of himself and Officer Cunningham.

The defendant was not charged with the 1980 act of sexual intercourse, and as such it was not necessary for the state to establish the corpus delicti. The sole point being made herein is the truthfulness and accuracy of defendant and his testimony when tested against his prior inconsistent statement. Point I is ruled against defendant.

■ For his second point defendant alleges court error in permitting testimony about whether or not a polygraph was administered to defendant.

The defendant called Kansas City Police Officer Cunningham as a witness and during her direct examination the following exchange occurred:

Q. All right. Then you had set up an appointment with him to talk with a man named Sergeant Crawford, is that correct?

To which she responded.

A. I set up an appointment for him to take a polygraph examination, yes.

Defendant's attorney made no motion to strike her unresponsive answer. Once having heard about a polygraph from the defense the jury might well have concluded the test was given and was favorable to defendant. The state had a right to elicit the fact that Crawford, a twenty-five veteran of the Kansas City Police Department, was the polygraph operator and that he had a conversation with the defendant who voluntarily came to his unit on the day in question and that no polygraph was administered that day.

The defendant offered an objection after the answer of Crawford and after the as-

sistant prosecuting attorney had advised that he had "no further questions." The record reveals the defendant objection was untimely and hence, no error resulted. *State v. Phillips*, 480 S.W.2d 836, 837 (Mo. 1972); *State v. Comstock*, 647 S.W.2d 163, 165 (Mo.App.1983).

In *State v. Mick*, 546 S.W.2d 508 (Mo. App.1976), the court addressed the issue of defendant injecting remarks about a polygraph into evidence. In the instant case the remarks complained of were volunteered not by the defendant but by a witness for the defendant on direct examination.

The court in *Mick* found the jury may well have inferred the results of the polygraph were favorable to defendant. The court stated:

As the defendant in the instant case voluntarily opened up the subject of the polygraph examination during her testimony on redirect examination, she will not be heard to cry that she was prejudiced by the state's development of the matter on recross-examination as the latter covered matters "within the fair purview" of her volunteered statement.

*Id.*, at 509.

In the instant case no test was given and but for the unresponsive voluntary remarks made by a defense witness this exercise would not be necessary. The defendant's authorities are not persuasive. Point II is denied.

■ For his final point defendant alleges the trial court erred in permitting the state to argue that in view of the conflicting testimony the jury would have to determine who was lying and who was telling the truth.

The trial court has broad discretion in determining the propriety of closing arguments, and absent clear abuse thereof, appellate courts will not intervene. The prosecution must stay within the confines of the evidence and reasonable inferences therefrom. *State v. Heinz*, 607 S.W.2d 873, 878 (Mo.App.1980).

In the diametrically opposed testimony of the victim and defendant a reasonable inference is: someone is lying. The prosecutor commented on this divergent testimony on several occasions and the defendant's objections were properly overruled.

The court in *State v. Heinz, supra,* at 880, considered a similar matter and noted:

> When arguing to the jury a prosecutor has the right to comment and the court noted, on the credibility of the defense witnesses and when a defendant offers himself as a witness in his own behalf, his testimony is subject to the same arguments on the issue of credibility as any other witness. [Citation omitted.] The comment was simply a comment on the defendant's credibility. The defendant had the most to gain if the jury accepted his testimony. Viewed in this context, we cannot say that the prosecutor exceeded the bounds of propriety.

In the instant case the prosecutor was attempting to summarize the conflicting testimony in his closing argument. The trial court has wide discretion in controlling argument and his rulings will not be reversed absent a showing of abuse of discretion. The argument must clearly be unwarranted and injurious. *State v. Harris,* 622 S.W.2d 330, 336 (Mo.App.1981). Such is not the instant case.

Defendant's allegation that the prosecutor's comments somehow were an attempt to define reasonable doubt or to shift the burden of proof, and the cases cited in support, are not persuasive.

Judgment affirmed.

All concur.